11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Anthony Finley Williford 

Appellant

Vs.                   No.
11-02-00074-CR B
Appeal from Brown County

State
of Texas  

Appellee

 

The jury convicted Anthony Finley Williford of 34
counts of the third degree felony of possession of child pornography.  TEX. PENAL CODE ANN. '
43.26 (Vernon 2003).  The jury assessed
punishment at 10 years confinement and a $10,000 fine for each count.  We affirm.

                                                                  Issues
Presented

Appellant presents three issues for review.  In his first issue, appellant asserts that
the trial court erred in failing to exclude State=s
Exhibit Nos. 1 - 32 and 34 - 36 as evidence. 
Specifically, appellant contends that, under Kelly v. State, 824
S.W.2d 568 (Tex.Cr.App.1992), the State=s
witness, Detective Larry Owings of the Brownwood Police Department, was not qualified
to testify as an expert witness regarding the scientific technique that he used
to reproduce pictures B
State=s Exhibit
Nos. 1 - 32 and 34 - 36 B
from appellant=s
computer.  Thus, appellant argues that
the State did not establish the proper predicate for admission of the
pictures.  In his second issue, appellant
asserts that the seizure of his computer was illegal because there was no
search warrant and no exception to the requirement for a warrant.  In his third issue, appellant asserts that
his consent to search the computer was involuntary due to unlawful police
conduct B the
seizure of the computer B
occurring immediately prior to the request for consent.                        

                                                                Background
Facts








In October 2000, appellant took his computer to
Brownwood Computer Innovations (BCI) in Brownwood, Texas, for repairs.  Appellant told a BCI employee that his
internet camera would not come on any more and that his digital camera would
not download pictures.  Joshua Evan
Terrill, a technician at BCI, worked on the computer.  Terrill believed that appellant=s statement that the internet camera
would not come on any more meant that the camera had worked properly at one
time. If the camera had worked properly, it would have stored pictures
somewhere on the computer.  Terrill
attempted to determine where the pictures were stored.  He examined the AMy
Documents@ folder
on the computer.  When he was scrolling
through the AMy
Documents@ folder,
a thumbnail picture of two naked boys on a bed popped up in the margin of the
folder.  Terrill reported his finding to
his supervisor, Will James Stewart. 
Stewart told the store manager, Robert John Ellison, about the
picture.  Ellison shut down the computer;
took it into the office of his supervisor, Pat McLaughlin; and reported the
matter to McLaughlin.  McLaughlin kept
the computer locked up in his office and contacted BCI=s
attorney to obtain advice on how to handle the situation.

On November 8, 2000, appellant went to BCI to
check on his computer.  McLaughlin talked
with appellant about the picture that had been found on appellant=s computer.  Appellant told McLaughlin that he did not see
how the picture could be illegal because it was on the internet.  McLaughlin gave appellant the choice of
appellant calling the police or McLaughlin calling the police.  Appellant told McLaughlin to go ahead and
call the police.  McLaughlin called the
Brownwood Police Department while appellant was still at BCI.  Detective Owings arrived at BCI to
investigate the case.

Detective Owings spoke to Terrill and McLaughlin
before speaking with appellant.  Terrill
described the picture that he had found on the computer.  Detective Owings read appellant his Miranda[1]
rights, and appellant signed a waiver-of-rights form.  Appellant acknowledged to Detective Owings
that the picture existed on the computer. 
Detective Owings believed that the picture was child pornography and,
therefore, contraband.  Detective Owings
told appellant that he was going to seize the computer.  Detective Owings believed that seizure of the
computer was the only way to ensure that the evidence would be preserved.








Detective Owings asked appellant for permission to
search the hard drive of the computer. 
Appellant gave him oral and written permission to search the
computer.  Detective Owings took
appellant=s
computer and gave appellant a receipt for it. 
He took the computer to the Brownwood Police Department.  Detective Owings copied the data on appellant=s computer to another hard drive using
the software EnCase.  Appellant=s counsel objected to Detective Owings=s testimony regarding the use of EnCase
and the images copied by it on the ground that Detective Owings was not
qualified as an expert to testify about the theory or technique in developing
the EnCase software or its reliability. 
Appellant=s counsel
argued that, therefore, the pictures that Detective Owings copied from
appellant=s
computer were inadmissible.

Detective Owings testified about his computer
knowledge.  He is the computer expert for
the Brownwood Police Department.  When a
case involves computers or the internet, it is assigned to him.  He performs forensic examinations of
computers for the Brownwood Police Department and other agencies.  The Brownwood Police Department purchased the
EnCase software in 2000.  Detective
Owings testified that he was familiar with EnCase, knew how to use it, and had
successfully used it in the past. 
Detective Owings said that forensics involves the acquisition,
authentication, and reconstruction of information located on a computer hard
drive and that the EnCase software is able to perform each of these three
steps.  He said that, by using EnCase, he
successfully copied the data on appellant=s
hard drive to another hard drive. 
Detective Owings also testified that EnCase is used worldwide and that
various agencies, including the United States Postal Service, use EnCase.  He also testified that there have been
several articles written about EnCase and other computer forensic software
programs comparing one to the other.  He
said that SC Magazine did a test on several forensic softwares, including
EnCase, and gave EnCase an overall five-star rating out of five stars.  He said that EnCase has a low potential rate
of error.  The trial court overruled
appellant=s
objections and admitted the pictures B
State=s Exhibit
Nos. 1 - 32 and 34 - 36 B
into evidence.

                                         Admissibility
of Images Copied By Using EnCase 








Detective Owings used EnCase to copy the data
stored on appellant=s hard drive
onto another hard drive.  The State=s Exhibit Nos. 1 - 32 and 34 - 36 were
not printed from appellant=s
computer.  Rather, Detective Owings
printed them from the Amirror
image@ of
appellant=s hard
drive that he made using EnCase. 
Appellant argues that the State did not present the proper predicate for
the admission of the exhibits because Detective Owings was not qualified as an
expert to testify regarding the scientific theory or technique used to develop
EnCase or the reliability of EnCase. Therefore, appellant argues that the
exhibits should have been excluded under Kelly v. State, supra.  The State argues that Detective Owings=s testimony satisfied the Kelly
criteria.  Alternatively, the State
asserts that expert testimony was not necessary to establish the admissibility
of its exhibits.  In this regard, the
State contends that EnCase is the equivalent of a photocopier for computers;
that the user of EnCase does not have to be an expert on its scientific theory,
scientific technique, or reliability to operate it properly; and that the user,
much like a person pushing a photocopier button, enters keyboard commands
causing EnCase to copy the contents of a hard drive.

We need not address the State=s alternative argument because an
analysis of Detective Owings=s
testimony under Kelly disposes of appellant=s
first issue.  Kelly provides that,
to be reliable, evidence derived from a scientific theory must satisfy three criteria:
(a) the underlying scientific theory must be valid; (b) the technique applying
the principle must be valid; and (c) the technique must have been properly
applied on the particular occasion.  Kelly
v. State, supra at 573.  Factors that
affect the trial court=s
proper determination of these three criteria include, but are not limited to,
the following: (1) the extent to which the underlying scientific theory and
technique are accepted as valid by the relevant scientific community, if such
community can be ascertained; (2) the qualifications of any expert testifying;
(3) the existence of literature supporting or rejecting the underlying
scientific theory and technique; (4) the potential rate of error of the
technique; (5) the availability of other experts to test and evaluate the
technique; (6) the clarity with which the underlying scientific theory and
technique can be explained to the court; and (7) the experience and skill of any
person who applied the technique on the occasion in question.  Kelly v. State, supra.  We review the trial court=s decision as to the admissibility of
evidence under an abuse of discretion standard. 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Cr.App.2000); Kelly
v. State, supra at 574.








We find that Detective Owings=s testimony satisfied the Kelly  criteria for reliability.  Detective Owings provided testimony on each
of the seven factors identified in Kelly.  Detective Owings is the computer expert for
the Brownwood Police Department and is knowledgeable about EnCase.  He testified that EnCase is generally
accepted in the computer forensic investigation community, that EnCase is used
worldwide, that he knew how to use EnCase, that he knew how EnCase worked, that
he had successfully used EnCase in the past, that EnCase can be tested by
anyone because it was commercially available and anyone could purchase it, that
EnCase has been tested, that there have been several articles written about
EnCase and other computer forensic software programs, that SC Magazine gave
EnCase an overall five-star rating out of five stars, that EnCase has a low
potential rate of error, that he successfully copied appellant=s hard drive by using EnCase, and that
EnCase verified that he had successfully copied appellant=s hard drive.  Detective Owings described in detail for the
trial court how EnCase worked.  Detective
Owings=s
testimony established EnCase=s
reliability.  The trial court did not
abuse its discretion in admitting State=s
Exhibit Nos. 1 - 32 and 34 - 36. 
Appellant=s first
issue is overruled. 

                                                      Seizure
of Appellant=s
Computer

Appellant asserts that Detective Owings=s seizure of his computer without a
warrant was illegal.  In the absence of
consent or a warrant, a police officer must have probable cause to effect a
seizure.  Arizona v. Hicks, 480
U.S. 321 (1987).  A police officer has
probable cause to seize an item if Athe
facts available to the officer would warrant a man of reasonable caution in the
belief that certain items may be contraband or stolen property or useful as
evidence of a crime.@  Texas v. Brown, 460 U.S. 730, 742
(1983)(Citation and internal quotations omitted); Waugh v. State, 51
S.W.3d 714, 717 (Tex.App. B
Eastland 2001, no pet=n).  Terrill told Detective Owings about the
thumbnail image of the two naked boys on appellant=s
computer.  Detective Owings testified
that, based upon his discussion with Terrill, he believed that the image
constituted child pornography and, therefore, contraband.  Detective Owings testified that he believed
that he had probable cause to seize the computer and told appellant that he was
going to seize it.  The facts available
to Detective Owings at the time that he seized the computer Awould warrant a man of reasonable
caution in the belief@
that the computer contained contraband or contained evidence of a crime.  Thus, the seizure of appellant=s computer was proper.  Texas v. Brown, supra.  The trial court did not abuse its discretion
in denying appellant=s
motion to suppress on the seizure issue. 
Appellant=s second
issue is overruled.

 








                               Voluntariness of Appellant=s Consent to Search

Appellant=s
contention that his consent to the search of his computer was involuntary is
based on the premise that the seizure of his computer was illegal.  Appellant argues that his consent was tainted
by the illegal seizure.  We have held
that the seizure was proper.  Therefore,
appellant=s third
issue is overruled.        

                                                                This
Court=s Ruling    

The judgment of the trial court is affirmed.                                             

 

TERRY McCALL

JUSTICE

 

January 15, 2004

Publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











    
[1]Miranda v. Arizona, 384 U.S. 436 (1966).