Opinion issued December 23, 2004










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01353-CR




GAVILAN FRILLO NICHOLS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 955582




MEMORANDUM OPINION
          Appellant, Gavilan Frillo Nichols, pleaded not guilty to the felony offense of
robbery. The jury found him guilty and assessed punishment at 35 years in prison. 
In one issue, appellant contends that the trial court erred in overruling his objection
to a photographic array being admitted into evidence.


 We affirm.
BACKGROUND
          Marje Shepherd testified that she was one of two Washington Mutual Bank
tellers robbed on December 30, 2002 at approximately 1:00 p.m. Officer Steven
Ruteshouser of the Houston Police Department’s Houston Area Bank Robbery Task
Force testified that, on January 21, 2003, Shepherd identified appellant from a
photographic array.                       DISCUSSION
          Appellant argues that the photographic array was impermissibly suggestive
because “the bank teller admitted that [a]ppellant did not look like the remaining five
individuals in the photospread.” 
          We review a trial court’s ruling on the admissibility of evidence under an abuse
of discretion standard, in light of the evidence before the trial court at the time the
ruling was made, and must uphold the trial court’s ruling if it was within the zone of
reasonable disagreement. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000). We will not reverse the trial court’s decision to admit evidence unless a clear
abuse of discretion is shown. Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim.
App. 1991); Escovedo v. State, 902 S.W.2d 109, 116 (Tex. App.—Houston [1st Dist.]
1995, pet. ref’d).
          A pretrial identification procedure may be so suggestive and conducive to
mistaken identification that subsequent use of that identification at trial would deny
the accused due process of law. Simmons v. United States, 390 U.S. 377, 384, 88
S.Ct. 967, 971 (1968); Barley v. State, 906 S.W.2d 27, 32–33 (Tex. Crim. App. 1995). 
A defendant bears the burden of establishing by clear and convincing evidence that
the pretrial identification procedure was impermissibly suggestive. Barley, 906
S.W.2d at 33–34. The admissibility of a pretrial identification is reviewed under the
totality of the circumstances. Jackson v. State, 657 S.W.2d 123, 127 (Tex. Crim.
App. 1983).          Appellant bases his complaint on Shepherd’s responses during
cross-examination when she was asked to acknowledge specific differences between
the facial features, hair lines, and ages of the persons depicted in the photographic
array. From this testimony, appellant asserts that she “admitted that [a]ppellant did
not look like the remaining five individuals in the photospread.” While she did
acknowledge that there were certain differences between specific features of the
individuals pictured,


 the record does not reveal any such admission by Shepherd. 
          Shepherd also testified that when Officer Ruteshouser asked her if the
photographic array had the picture of the man who robbed her, she pointed to
appellant’s picture and told him that she was sure appellant was the robber. Officer
Ruteshouser testified that he used appellant’s mug shot and the mug shots of five
other individuals to prepare the photographic array. He testified that he selected
photographs in which the persons depicted appeared “similar as far as race, some
facial character [sic] and hair characteristics” and that their apparent ages were within
five years “give or take.” The photographic array in question is contained in the
record. It depicts six African-American males belonging to the same approximate age
group, and none have significantly different features.
          The essence of appellant’s complaint is that the depicted individuals are not
identical. In a pretrial identification procedure, it is not essential that all the
individuals be identical. Buxton v. State, 699 S.W.2d 212, 216 (Tex. Crim. App.
1985); Escovedo, 902 S.W.2d at 117. Neither due process nor common sense
requires exact likeness of the defendant in the array. Turner v. State, 600 S.W.2d
927, 933 (Tex. Crim. App. [Panel Op.] 1980) (holding that a photographic array in
which suspect’s every feature is matched is not practical and not required); Escovedo,
902 S.W.2d at 117 (holding photographic array not impermissibly suggestive when
all photographs were of Hispanic males with characteristics similar to appellant’s
despite teardrop tattoo near appellant’s eye). 
          After reviewing the totality of the circumstances, we hold that the photographic
array is not so “unnecessarily suggestive as to present a very substantial likelihood
of misidentification.” See Simmons, 390 U.S. at 384, 88 S.Ct. at 971; see also Barley,
906 S.W.2d at 23–33. Appellant’s sole issue is overruled.  
                                                     CONCLUSION
          We affirm the judgment of the trial court. 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).