Opinion issued February 3, 2005







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01218-CR




JAMES ALBERT DUKE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 411th District Court
Trinity County, Texas
Trial Court Cause No. 8671




MEMORANDUM OPINION

          Appellant, James Albert Duke, pleaded guilty to aggravated assault with a
deadly weapon and true to two felony convictions for driving while intoxicated. A
jury assessed punishment at 85 years’ confinement. Duke contends that the trial court
erred in excluding evidence of the complainant’s criminal background and in denying
his challenges for cause. We affirm. 
Background
          Duke lived in a trailer camp at Ed’s Marina. On August 8, 2002, Casey
Sizemore visited the trailer camp. Sizemore threatened and gestured at Duke. Afraid
of Sizemore, Duke retrieved a large fishing knife from his trailer and stabbed
Sizemore. Sizemore died as a result of the stab wound. 
          The State indicted Duke for murder and aggravated assault. At trial, the State
abandoned the murder charge and proceeded on the aggravated assault charge. 
Victim Character Evidence
          Duke contends that the trial court erred in excluding evidence of Sizemore’s
criminal background. We review a trial court’s ruling on the admissibility of
evidence under an abuse of discretion standard, in light of the evidence before the
trial court at the time it made the ruling. Weatherred v. State, 15 S.W.3d 540, 542
(Tex. Crim. App. 2000). We must uphold the ruling if it was within the zone of
reasonable disagreement. See id.
          Duke contends that he was afraid of Sizemore, and that the jury, in order to
understand the context of his fear, was entitled to hear about Sizemore’s criminal
background. Duke asserts that the State opened the door to Sizemore’s prior drug
offenses when Julie Loitz, the marina owner, testified that she had no “issue or
problem” with Sizemore “coming back and visiting” the marina. During direct
examination by the State, Loitz testified as follows:
Q.So it was not unusual to see Mr. Duke drinking?
 
A.No, sir.
 
Q.If Mr. Duke had somehow contacted you or your husband, would
you all – and said there was a problem, would you all have taken
some action to do what you needed to do to fix it?
 
A.Yes, sir. 
 
Q.Do you have some confidence that you can call the sheriff’s office
and get help?
 
A.Yes, sir.
 
Q.And you had no issue or problem with [Sizemore] coming back
and visiting your marina?
 
          A.      No sir, not at all.

          Duke contends that Loitz’s testimony gave the jury a false impression that
Sizemore was a non-threatening, law abiding citizen. Duke offered Sizemore’s prior
drug offenses in a bill of exception through a series of “have you heard” questions. 
Loitz replied that she had not heard about the offenses. Duke contends on appeal that
such evidence was admissible to correct the “false impression” left from Loitz’s
testimony.
          Earlier in the trial, however, Duke testified during direct examination about
Sizemore’s criminal history: 
That wasn’t the first time he threatened me. . . . Before that night he had
told me that he didn’t have any problem, you know, killing somebody.
. . . Then he told me, he said, “I was in the pen for drug dealing, and I
don’t have any problem with any of this.” 
The State did not object. No harm results when a trial court excludes evidence, if the
court admits other evidence of substantially the same nature. Womble v. State, 618
S.W.2d 59, 62 (Tex. Crim. App. 1981) (holding that exclusion of defendant’s
statement was harmless because same testimony later admitted without objection). 
Here, the excluded questions sought answers that were cumulative of Duke’s
testimony; therefore, the trial court did not abuse its discretion in excluding them. 
See id. 
Challenges for Cause
          Duke contends that the trial court erred in “allowing members onto the jury
who could not consider the entire range of punishment.” We construe Duke’s
contention as a complaint that the trial court improperly denied his challenges for
cause. The State responds that Duke did not preserve error. To preserve error for
review of a trial court’s denial of a challenge for cause, an appellant must (1) assert
a clear and specific challenge for cause, (2) use a peremptory strike on the
complained-of veniremember, (3) exhaust his peremptory strikes, (4) request
additional peremptory strikes, (5) identify an objectionable juror, and (6) claim that
he would have struck the objectionable juror with a peremptory strike if he had a
strike to use. Allen v. State, 108 S.W.3d 281, 282 (Tex. Crim. App. 2003). 
          On appeal, Duke contends the trial court erred in allowing prospective jurors
15, 23, 24, 34, and 44 to serve on the jury.


 The record shows that Duke did not
challenge for cause jurors 15 and 24; thus, Duke did not preserve error with respect
to those jurors. See Escamilla v. State, 143 S.W.3d 814, 821-22 (Tex. Crim. App.
2004) (holding no preservation of error because defendant told trial court he did not
have challenge for cause). Duke challenged for cause jurors 23, 34, and 44. The
record does not reflect that Duke either used a peremptory challenge on those jurors
or requested additional peremptory challenges. See Nelson v. State, 848 S.W.2d 126,
134 (Tex. Crim. App. 1992) (holding no preservation of error because trial court did
not deny request for additional peremptory challenge and defendant did not identify
objectionable juror). Nor does the record reflect that Duke identified an objectionable
juror and claimed that he would have struck that juror with a peremptory challenge. 
See id. Duke therefore did not preserve error with respect to jurors 23, 34, and 44. 
See id.
 
 
 
 
Conclusion
          We hold that the trial court did not abuse its discretion in excluding evidence
of Sizemore’s criminal background and in denying Duke’s challenges for cause. We
therefore affirm the judgment of the trial court.
 
 

                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).