COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-390-CV
 
 
  
IN 
THE MATTER OF A.J.
  
  
  
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
 
        The 
trial court adjudicated appellant A.J. delinquent of the offense of aggravated 
robbery with a deadly weapon and committed him to the care, custody, and control 
of the Texas Youth Commission for a term of eight years.  In one point, A.J. 
argues that the trial court reversibly erred and abused its discretion by 
admitting his confession over his objection[2] that 
the requisites of Texas Family Code sections 51.09 and 51.095 had not been 
satisfied. Tex. Fam. Code Ann. §§ 51.09, 51.095 
(Vernon 2002).  We will affirm.
II. Factual 
Background
        Two 
individuals testified that on August 28, 2004 A.J. pointed a gun at them and 
robbed them as they were working at their family-run restaurant.  A.J. gave 
a statement to police in which he admitted that he held a gun and acted as a 
lookout during the robbery but denied participation in the physical acts of 
robbery that occurred inside the restaurant.
III. Magistrate 
Warnings Timely Given
        In 
his sole point, A.J. contends that the trial court reversibly erred and abused 
its discretion by admitting his confession into evidence over his objection that 
the statutory requirements of Texas Family Code sections 51.09 and 51.095 had 
not been met.  Id.  Specifically, A.J. complains that time 
notations made by the magistrate on the written warnings establish that he was 
not given the statutorily required juvenile warnings until after he made his 
written statement.  He claims that the notations show that he was warned at 
11:43 a.m. but that he signed the statement fifteen minutes earlier at 11:28 
a.m.
        Section 
51.095 of the family code governs the admissibility of statements made by a 
juvenile.  Tex. Fam. Code Ann. 
§ 51.095.  It provides that a child’s oral or written statement is 
admissible in a future proceeding concerning the matter about which the 
statement was given if certain requirements are met.  See id.  
Subsection 51.095(a)(1)(A) provides that a child’s written statement is 
admissible if the statement is made in writing while the child is in the custody 
of an officer, in a detention facility or other place of confinement, or in 
possession of the Department of Protective and Regulatory Services (n/k/a 
Department of Family and Protective Services) and if, at some time before making 
the statement, the child received from a magistrate the statutory warnings 
regarding the right to remain silent, to have an attorney present during 
questioning, and to terminate the interview.  Id. § 
51.095(a)(1)(A).  Section 51.09 provides that a child may waive any right 
granted to him if the waiver is voluntary.  Id. § 51.09(3).
        During 
the adjudication proceedings, the State called the magistrate judge, Judge 
Valverde, to testify, and he explained the discrepancy in the time 
notations.  Judge Valverde explained that A.J., like all juveniles, 
received the statutory warnings twice.  He initially read A.J. his rights 
at 10:35 a.m. before A.J. made any statement.  A.J. then made his 
statement, and Judge Valverde again went over the warnings with A.J., read the 
statement to A.J., observed A.J. sign the statement, and made a determination 
that A.J. understood the contents of the statement and made the statement 
voluntarily after waiving his rights.  Judge Valverde noted that these 
warnings occurred at 11:43 a.m., after A.J. had made his statement.
        We 
review a trial court's ruling to admit or exclude evidence under an abuse of 
discretion standard.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex. 
Crim. App. 2000); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. 
App. 1991) (op. on reh'g).  If the court's decision falls outside the 
“zone of reasonable disagreement,” it has abused its discretion.  Weatherred, 
15 S.W.3d at 542; Montgomery, 810 S.W.2d at 391.
        Here 
the record clearly indicates that Judge Valverde warned A.J. of his rights 
before A.J. made a statement.  When A.J. had completed his statement, Judge 
Valverde administered the same statutory warnings to A.J. for a second time and 
made a determination that A.J. understood the warnings and had made his 
statement voluntarily.  Judge Valverde expressly testified that A.J. was 
warned in compliance with family code section 51.095.  In light of this 
testimony, the trial court did not err or abuse its discretion by admitting 
A.J.’s statement.  See Jeffley v. State, 38 S.W.3d 847, 858 & 
n.4 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).  We overrule 
A.J.’s sole point.
IV. Conclusion
        Having 
overruled A.J.’s sole point, we affirm the trial court’s judgment.
  
  
                                                          PER 
CURIAM
 
 
PANEL 
F:   WALKER, LIVINGSTON, and DAUPHINOT, JJ.
 
DELIVERED: 
June 23, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
A.J. characterizes his efforts to exclude his confession as a “motion,” but 
the record shows that A.J. lodged an objection.  No motion to suppress the 
statement is contained in the record.