Opinion issued March 27, 2008







 


 


In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-07-00508-CR
  __________
 
WALTER ANTHONY GRAYSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1005001
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Walter Anthony Grayson, guilty of murder, and the trial
court assessed punishment at 75 years in prison. See Tex. Pen. Code Ann. § 19.02
(Vernon 2003). In two points of error, appellant contends that: (1) the trial court
denied him his due process right to present a defense by excluding evidence of the
complainant’s medical records and drugs found at the crime scene and (2) the trial
court erred by admitting cumulative prejudicial photographs of the complainant.
          We affirm.
 Background
          Appellant confessed to beating Daniel Herrera, the complainant, with a
baseball bat 10 to 12 times causing Herrera’s death. Herrera received at least three
blows to the back of his head causing a pattern of skull fragmentation. One of the
blows to the back of his shoulder broke the small blood vessels and created a pattern
of Herrera’s clothing imprinted on his skin. Another blow to his back broke his
shoulder blade into pieces, making it impossible for him to lift his left arm. Herrera
also received at least five hits on the front of his face, destroying his left eye and
breaking his teeth.  
          Appellant confessed to the police and also testified in court that, on the day of
the incident, he went to Herrera’s apartment to ask him for a ride to a softball game
and that Herrera grabbed appellant’s bat and started demanding the $10 that appellant
had previously borrowed from him. Appellant claims that Herrera hit him with the
bat on the head and shoulder. Appellant also claims that he took the bat away from
Herrera and then started hitting Herrera, but that he did not mean to kill him. 
          In support of his self-defense claim, appellant gave contradictory statements
as to why he continued hitting Herrera. Appellant confessed that he continued hitting
Herrera after Herrera “started reaching for different things in the apartment.” 
Appellant testified during trial, however, that he continued hitting Herrera with full
swings of the bat after Herrera picked up a machete. 
          The police found a machete, but the investigating officer testified that the blood
spatter evidence on the sheath of the machete and the spider webs around the sheath,
indicated that the machete had not been disturbed. Also, a blood spatter expert from
the Houston crime division testified that the blood spatter level showed that Herrera
would have to have been on his knees or at a lower level while being beaten. The
expert also testified that there was no physical evidence of any struggle. The expert
concluded that the cause of death was blunt trauma.
          The toxicologist found evidence of benzoylecgonine, the inactive substance of
cocaine, and relative high quantities of methamphetamine in Herrera’s body at the
time of his death. 
          Herrera’s mother and his girlfriend both testified that he used marijuana and
methamphetamine. Herrera’s mother testified that he was also taking Adderall for
attention deficit disorder. The toxicologist testified, however, that, because the
amount of amphetamines found in Herrera’s body was so small, Herrera could not
have had Adderall in his system at the time of his death. He also explained that,
while some people who take methamphetamines can get very aggressive, some do
not, and it could have a calming effect on someone who normally takes Adderall for
hyperactivity. Appellant was convicted and sentenced to 75 years in prison. 
                                               Exclusion of Evidence
          In his first point of error, appellant contends that, by excluding Herrera’s
medical records and evidence of drugs found in Herrera’s apartment, the trial court
denied him his due process right to present a defense.
Preservation
          To preserve error for appellate review, a defendant must make a specific,
timely objection during trial. Tex. R. App. P. 33.1(a)(1)(A). Further, even
constitutional errors may be waived by failure to object at trial. Broxton v. State, 909
S.W.2d 912, 918 (Tex. Crim. App. 1995). 
          Here, appellant argued at the trial court that Herrera’s medical records and the
evidence of the drugs found in Herrera’s apartment should be allowed based on
relevancy. Because appellant did not make an objection in the trial court based upon
either federal or state constitutional grounds, he has not preserved this complaint for
appellate review. See id. 
          We overrule appellant’s first point of error.
                                        Admission of Photographs
          In his second point of error, appellant contends that the trial court erred in
admitting over objection cumulative and prejudicial photographs of Herrera.
          Appellant complains of the admission into evidence of State’s exhibits
numbered 8, 10–17, 22–30, 32–34, 36, 39–42, 45–47, 53–55, 59, and 60. Of the
photographs complained of, only nine pictures show Herrera’s body or parts of his
body as found at the crime scene (State’s exhibits number 8–16). Of these, three are
closeup pictures of Herrera’s head and the wounds on his face and the back of his
head (State’s exhibit 14–16). State’s exhibit 8–11 show different views of Herrera
from different angles. State’s exhibit 12 and 13 show Herrera’s eyebrow and a piece
of Herrera’s skull, respectively. State’s exhibit 45 shows Herrera’s skull and tissue
on appellant’s bathroom floor, and it is a closeup of 46. The rest of the pictures show
different views of blood spatter evidence from different angles (State’s exhibit 22-30,
32, 33-34, 36, 39, 40-42, 45-47, 53-55 and 59-60). 
          Appellant argues that the photographs display blood and “gore” and the
prejudicial effect of the photographs seriously outweighed any probative value, so
that their admission requires reversal of his conviction. We disagree.
 
Standard of Review
          We review a trial court’s ruling on the admissibility of evidence under an
abuse-of-discretion standard of review. Weatherred v. State, 15 S.W.3d 540, 542
(Tex. Crim. App. 2000); Schultze v. State, 177 S.W.3d 26, 38 (Tex. App.—Houston
[1st Dist.] 2005 pet. ref’d). Where the trial court’s evidentiary ruling is within the
“zone of reasonable disagreement,” there is no abuse of discretion, and the reviewing
court must uphold the trial court’s ruling. Green v. State, 934 S.W.2d 92, 101–02
(Tex. Crim. App. 1996). All relevant evidence is admissible, except as otherwise
provided by constitution, by statute, by the rules of evidence, or by other rules
prescribed pursuant to statutory authority. Tex. R. Evid. 402. Evidence is relevant
if it tends to make the existence of any consequential fact more or less probable than
it is without the evidence. Tex. R. Evid. 401. 
The Law
           Texas Rule of Evidence 403 governs the admission of potentially prejudicial
evidence. Tex. R. Evid. 403. In determining whether the exhibits were properly
admitted, the pertinent question is not whether the exhibit was more prejudicial than
probative, but rather, whether the probative value of the exhibit was substantially
outweighed by the danger of unfair prejudice. Salazar v. State, 38 S.W.3d 141, 151
(Tex. Crim. App. 2001); Peterson v. State, 137 S.W.3d. 739, 746 (Tex.
App.—Houston [1st Dist.] 2004 pet. ref’d). In conducting a Rule 403 analysis, the
trial court must consider the factors affecting a photograph’s probativeness and
balance those factors against any possible tendency that the photograph has to
encourage resolution of material issues on an inappropriately emotional basis. 
Peterson, 137 S.W.3d at 746. In making its determination concerning the likelihood
of a picture to spur emotional decision-making, the court should examine several
factors, including “the number of exhibits offered, their gruesomeness, their detail,
their size, whether they are black and white or color, [and] whether they are
close-up.” Long v. State, 823 S.W.2d 259, 272 (Tex. Crim. App. 1991).
          As the Court of Criminal Appeals has stated, additionally, relevant criteria in
determining whether the prejudicial effect of a piece of evidence substantially
outweighs the probative value include the fact 
that the ultimate issue was not seriously contested by the opponent; that the
State had other convincing evidence to establish the ultimate issue to which the
[evidence] was relevant; that the probative value of the . . . evidence was not,
either alone or in combination with other evidence particularly compelling; 
that the [evidence] was of such a nature that a jury instruction to disregard it
for any but its proffered purpose would not likely be efficacious.

Salazar, 38 S.W.3d at 152. The trial court should also consider whether the body has
been altered since the crime in some way “that might enhance its gruesomeness to the
defendant’s detriment.” Id.
Analysis
          Here, exhibits 8–13, 45, and 46 show Herrera’s body or parts of his body as
found by the police. Each photo was taken from a different view or angle. All the
pictures are of normal size, only a few are close-ups, there is no evidence that
Herrera’s body had been altered since the crime, and they were not overly gruesome. 
 These photographs were used by the experts to explain the manner of the death and
the amount of force used by appellant when hitting Herrera with the bat, tending to
disprove the self-defense claim of appellant. Appellant identifies no particular aspect
or characteristic of any of these eight photographs which would encourage resolution
of material issues on an inappropriately emotional basis.
          Exhibits 22–30, 32–34, 36, 39–42, 45–47, 53–55, 59, and 60, show different
levels of blood–spatter evidence. All of these pictures are of normal size, and they
are not overly gruesome. These pictures were also used by the experts to describe the
manner in which Herrera’s death occurred, testimony specially relevant to the issue
of the self-defense claim raised by appellant. These photographs, along with the
testimony of the blood–spatter expert, addressed the absence of any struggle between
Herrera and appellant and that Herrera was either on his knees or on the ground while
being beaten, tending to disprove the self-defense claim of appellant.
          Exhibits 14–16 are the only close-up pictures depicting Herrera’s wounds on
his face and the back of his head, as found at the crime scene. These pictures are in
color and show with detail the injuries Herrera suffered. These photographs,
however, merely depict the brutality of the crime and the severity of the injuries and
are probative of the manner of Herrera’s death. See Chamberlain v. State, 998
S.W.2d 230, 237 (Tex. Crim. App. 1999) (holding that eight gruesome pictures
depicting the various injuries to the victim’s body were not more prejudicial than
probative, because they showed nothing more than the reality of the brutal crime
committed). 
          Appellant relies on Prible v. State, 175 S.W.3d 724 (Tex. Crim. App. 2005) to
support his argument that the court erred in admitting the photographs depicting
Herrera. In Prible, the Court of Criminal Appeals determined that the trial court
abused its discretion by allowing autopsy photographs depicting dissected body parts
of children. Id. at 736. The facts in Prible can be distinguished. The photographs
in that case showed dissected body parts of children, whose death was not an issue
at trial, specifically because appellant was not accused of murdering the children. 
Here, the photographs show Herrera’s body, the victim in a murder case, and
appellant is accused of murdering Herrera.
          This case is analogous to Ramirez v. State, 815 S.W.2d 636 (Tex. Crim. App.
1991). In Ramirez, the Court of Criminal Appeals determined that seven photographs
depicting the deceased’s body in relation to one of the alleged murder weapons, her
upper torso and face, and wounds on her neck and body were properly admitted over
the appellant’s objection. Specifically, the court held that the photographs were
probative of the manner of the deceased’s death and also of appellant’s culpable
mental state because he had stated in his confession that he did not mean to kill the
deceased. Id. at 647. 
          Here, the photographs depicting Herrera’s head and wounds on his face and
back of his head, although arguably “gruesome,” are probative of Herrera’s manner
of death and of appellant’s mental state, because he testified that he did not mean to
kill Herrera. The photographs showed the severity of the injuries Herrera suffered,
which tend to prove the culpable mental state of appellant inconsistent with his self-defense claim.
          Each of the photographs corroborated testimony regarding the events occurring
on the night in question. Further, because the evidence was in conflict with the
confession of appellant —that he acted in self-defense — this photographic evidence
“gives the fact finder a point of comparison against which to test the credibility of a
witness and the validity of his conclusions.” Chamberlain, 998 S.W.2d at 237. 
          Therefore, we hold that the trial court did not abuse its discretion in admitting
the photographs because their probative value is not substantially outweighed by the
danger of needless presentation of cumulative evidence or by the danger of unfair
prejudice. 
          We overrule appellant’s second point of error.
Conclusion
          We affirm the trial court’s judgment.
 
                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Nuchia, Hanks, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).