**Jon David WEATHERRED, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 474–98.

Court of Criminal Appeals of Texas.

En Banc.

July 15, 1998.

Daniel W. Hurley, Aaron R. Clements, Lubbock, for appellant.

Gail Kikawa McConnell, Asst. Dist. Atty., Conroe, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE AND STATE PROSECUTING ATTORNEY'S PETITIONS FOR DISCRETIONARY REVIEW*

PER CURIAM.

Appellant was convicted of capital murder and his punishment was assessed at confinement for life. The Court of Appeals held the trial court erred in excluding expert testimony regarding photo bias and eyewitness identification, and reversed and remanded the case for a new trial. *Weatherred v. State,* 963 S.W.2d 115 (Tex.App.—Beaumont, 1998). The Montgomery County District Attorney (DA) and the State Prosecuting Attorney's Office (SPA) have both filed petitions for discretionary review.

In the DA's and SPA's first ground for review, it is alleged the Court of Appeals failed to address every issue raised and necessary to the final disposition of the appeal. Tex.R.App.P. 47.1. Specifically, the parties contend the Court of Appeals failed to address its claim that the trial court's exclusion of the expert witness' testimony could be upheld because the probative value of the testimony was substantially outweighed by its prejudicial effect. Tex.R.Crim.Evid. 403. If the trial court's decision to exclude evidence is correct on any theory of law applicable to the case, including Rule 403, it will be sustained. *Smith v. State,* 898 S.W.2d 838, 843 (Tex.Cr.App.1995). The State raised this claim in the Court of Appeals but it was not addressed.

The parties also contend the Court of Appeals did not perform a proper analysis of the admissibility of the expert testimony pursuant to Rule 702 of the Texas Rules of Criminal Evidence, and the criteria set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and *Kelly v. State,* 824 S.W.2d 568 (Tex.Cr.App.1992). This Court recently set out the standard for admission of expert testimony in the "soft" sciences, that is, "fields of study aside from the hard sci-

ences, such as the social sciences or fields that are based primarily upon experience and training as opposed to the scientific method." *Nenno v. State,* 970 S.W.2d 549 (Tex.Cr.App. 1998). The Court of Appeals did not have the benefit of that decision at the time it reviewed the issue. Therefore, it is the decision of this Court to remand the case to the Court of Appeals for reconsideration of the Rule 702 issue in light of *Nenno,* and for the Court of Appeals to decide the issue raised in both the SPA and DA's first ground for review regarding Rule 403.

The correct procedure is to grant the DA's and SPA's petition, vacate the decision of the Court of Appeals, and remand the case to that Court for reconsideration in light of this Court's opinion.