Jon David **WEATHERRED**, Appellant,

v.

The **STATE** of Texas.

No. 291–99.

Court of Criminal Appeals of Texas.

March 29, 2000.

Daniel W. Hurley, Lubbock, for appellant.

Betty Marshall, Asst. St. Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION

MANSFIELD, J., delivered the opinion of the Court, in which McCORMICK, P.J., and KELLER, HOLLAND, and KEASLER, JJ., joined.

The question presented is whether the Ninth Court of Appeals erred in holding that the trial court abused its discretion in excluding expert testimony on the reliability of eyewitness identifications. We hold that the Court of Appeals did err.

### The Relevant Facts [1]

A Montgomery County grand jury indicted appellant, Jon David Weatherred, for the capital murder of William Ralph Strawn in The Woodlands in 1988. See Tex. Pen.Code § 19.03(a)(2). At trial, the State's case relied in part on the testimony of two eyewitnesses who identified appellant as being near the scene of the crime at or about the time of the crime. In rebuttal to those eyewitnesses, appellant offered the testimony of Dr. Kenneth Deffenbacher, a psychologist who claimed to be an expert on the reliability (or unreliability) of eyewitness identifications.[2]

The trial court held a hearing, outside the presence of the jury, on the admissibility of Deffenbacher's testimony under Texas Rule of Evidence 702.[3] At that hearing, Deffenbacher testified, in relevant part, that (1) he had a doctoral degree in psychology and was chairman of the department of psychology at the University of Nebraska at Omaha; (2) he had done extensive research in the field of human visual perception and memory; (3) he had written "about 35 articles, ten or twelve chapters in edited books, and a textbook" on human visual perception and memory; (4) he and other psychologists had identified, through generally-accepted experimental research, numerous "variables" affecting the reliability of eyewitness identifications; and (5) three of those variables—"photo bias," the "forgetting of a stranger's face," and the lack of a relationship between eyewitness confidence and eyewitness accuracy—were applicable to the eyewitness identifications in the instant case.

At the conclusion of the hearing, the trial court ruled Deffenbacher's testimony inadmissible. The trial court gave no explanation for its ruling. Five days later, appellant asked, and was allowed, to supplement his offer of proof with photocopies of Deffenbacher's curriculum vitae and five published articles, some by Deffenbacher and some by others, that reviewed current psychological research on the reliability of eyewitness identifications. Appellant did not, however, ask the trial court to reconsider its earlier ruling. The jury subsequently found appellant guilty as charged in the indictment. Punishment was assessed at imprisonment for life.

On direct appeal, appellant brought six points of error. In one of the points, he argued that the trial court erred in refusing to let Deffenbacher testify before the jury. The State maintained, in response, that the trial court did not abuse its discre-

1. This case has a complicated procedural history, but we discuss today only that part that is relevant to this appeal. Those wishing more may see *Weatherred v. State,* 963 S.W.2d 115 (Tex.App.—Beaumont 1998), *vacated and remanded,* 975 S.W.2d 323 (Tex.Crim.App. 1998), *on remand,* 985 S.W.2d 234 (Tex. App.—Beaumont 1999).

2. The proffer of such evidence has become increasingly common, but it remains controversial in most jurisdictions. See P. Giannelli & E. Imwinkelried, *Scientific Evidence* § 9–2 (3rd ed.1999); J. McLaughlin, *et al., Weinstein's Federal Evidence* § 702.03[6] (2nd

ed.1999); G. Sarno, Annotation, *Admissibility, at Criminal Prosecution, of Expert Testimony on Reliability of Eyewitness Testimony,* 46 A.L.R.4th 1047 (1986 & Supp.1999). See also *Jordan v. State,* 928 S.W.2d 550 (Tex. Crim.App.1996).

3. Rule 702 provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise."

tion in excluding Deffenbacher's testimony because "[a]ppellant failed to ... timely present sufficient evidence" of the scientific reliability of that testimony. The Ninth Court of Appeals accepted appellant's argument and rejected the State's after "finding," apparently as a matter of law, that Deffenbacher's testimony was both relevant and reliable. The court then reversed the judgment of the trial court and remanded the case for a new trial. *Weatherred v. State*, 985 S.W.2d 234 (Tex.App.— Beaumont 1999). We granted the State Prosecuting Attorney's petition for discretionary review to determine whether the Court of Appeals erred in accepting appellant's argument. See Tex.R.App. Proc. 66.3(c).

## Analysis

■ Under Rule 702, the proponent of scientific evidence must show, by clear and convincing proof, that the evidence he is proffering is sufficiently relevant and reliable to assist the jury in accurately understanding other evidence or in determining a fact in issue.[4] *Nenno v. State*, 970 S.W.2d 549, 560–561 (Tex.Crim.App. 1998); *Hartman v. State*, 946 S.W.2d 60, 62–63 (Tex.Crim.App.1997); *Jordan v. State*, 928 S.W.2d 550, 553–555 (Tex.Crim. App.1996); *Kelly v. State*, 824 S.W.2d 568, 572–573 (Tex.Crim.App.1992). The reliability of "soft" science evidence,[5] such as was offered in the instant case, may be established by showing that (1) the field of expertise involved is a legitimate one, (2)

the subject matter of the expert's testimony is within the scope of that field, and (3) the expert's testimony properly relies upon or utilizes the principles involved in that field. *Nenno v. State*, 970 S.W.2d at 561.

■ An appellate court reviewing a trial court's ruling on the admissibility of evidence must utilize an abuse-of-discretion standard of review. *Prystash v. State*, 3 S.W.3d 522, 527 (Tex.Crim.App. 1999). In other words, the appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990). In addition, the appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made. *Hoyos v. State*, 982 S.W.2d 419, 422 (Tex.Crim.App.1998); *Hardesty v. State*, 667 S.W.2d 130, 133 n. 6 (Tex.Crim. App.1984).

When appellant proffered Deffenbacher's expert testimony to the trial court, appellant had the burden of proving by clear and convincing evidence that the testimony was relevant and reliable and not mere "junk science." Appellant attempted to carry that considerable burden, at that critical time, by simply offering Deffenbacher's testimony and nothing else.[6] Furthermore, a close examination of Deffenbacher's testimony reveals that, although he claimed that he and others had carried out extensive research on the reliability of eyewitness identifications and that

---

**4.** Of course, once a particular type of scientific evidence is well established as reliable, a court may take judicial notice of that fact, thereby relieving the proponent of the burden of producing evidence on that question. *Emerson v. State*, 880 S.W.2d 759, 764 (Tex.Crim. App.), *cert. denied*, 513 U.S. 931, 115 S.Ct. 323, 130 L.Ed.2d 284 (1994); J. McLaughlin, et al., *Weinstein's Federal Evidence* § 702.05[1] (2 nd ed.1999); P. Giannelli & E. Imwinkelried, *Scientific Evidence* § 1–2 (3 rd ed.1999).

**5.** The "hard" sciences, areas in which precise measurement, calculation, and prediction are generally possible, include mathematics, physical science, earth science, and life sci-

ence. The "soft" sciences, in contrast, are generally thought to include such fields as psychology, economics, political science, anthropology, and sociology. See *The New Columbia Encyclopedia* 2450 (1975).

**6.** One scholar has suggested that expert testimony may be shown reliable "by deposition testimony, affidavits, proffers, stipulations, learned treatises, testimony or some combination thereof." R. Murrian, *The Admissibility of Expert Eyewitness Testimony Under the Federal Rules*, 29 Cumb. L.Rev. 379, 385 (1999). Accord, *United States v. Downing*, 753 F.2d 1224, 1241 (3 rd Cir.1985).

he himself had written much on that subject, he failed to produce or even name *any* of the studies, researchers, or writings in question. The trial court did not state its reason for excluding Deffenbacher's testimony, but, given what the trial court had before it at the time it ruled, it *could* have reasonably concluded that appellant failed to carry his burden of showing that the proffered expert testimony was scientifically reliable. See *Jordan v. State*, 950 S.W.2d 210, 212 (Tex.App.—Fort Worth 1997, pet. ref'd) (record did not show abuse of discretion on part of trial court in excluding expert testimony on reliability of eyewitness identifications when proffered expert witness "failed to mention by name any other person who purports to be an expert in the field or produce or name the studies he relied on to reach his opinions"). Therefore, the Court of Appeals erred in holding that the trial court abused its discretion.

We reverse the judgment of the Court of Appeals and remand the case to that court so that it may consider appellant's remaining points of error.

JOHNSON, J., filed a dissenting opinion, in which MEYERS, PRICE,and WOMACK, JJ., joined.

JOHNSON, J., filed a dissenting opinion, in which MEYERS, PRICE and WOMACK, J.J., joined.

I respectfully dissent. The majority opinion reverses the court of appeals on the ground that the Ninth Court of Appeals erred in holding that the trial court abused its discretion in excluding expert testimony on the reliability of eyewitness identifications *Ante*, at 541.

Today's opinion represents the third time that this case has been before this court in some form. Appellant's first conviction for capital murder was overturned by the Ninth Court of Appeals, and we refused the petition for discretionary review filed after that decision. *Weatherred v. State*, 833 S.W.2d 341 (Tex.App.—Beau-

mont 1992, pet. ref'd). On remand, appellant was again convicted of capital murder, and the Ninth Court of Appeals again reversed his conviction. *Weatherred v. State*, 963 S.W.2d 115 (Tex.App.—Beaumont 1998). We granted the state's petitions for discretionary review, vacated the decision of the court of appeals, and remanded the cause for reconsideration in light of our then-recent decision in *Nenno v. State*, 970 S.W.2d 549 (Tex.Crim.App. 1998). *Weatherred v. State*, 975 S.W.2d 323 (Tex.Crim.App.1998). Following consideration of *Nenno*, the Court of Appeals again held that appellant's conviction warranted reversal. *Weatherred v. State*, 985 S.W.2d 234 (Tex.App.—Beaumont 1999). Again, both the State Prosecuting Attorney and the District Attorney filed petitions for discretionary review with this court. We refused the District Attorney's petition, and granted the State Prosecuting Attorney's petition, limited to the following ground: "the court of appeals erred in holding that *Nenno v. State* lessens the scrutiny in examining scientific evidence." As the above makes clear, the majority opinion reverses the judgment of the court of appeals on a basis that is unrelated to the ground for review that was granted by this court.

After briefing and closer examination of the issue, it appears that the grant was improvident. Even if we were to find that the court of appeals' characterization of *Nenno* was incorrect, this, in and of itself, would not change the disposition of the case. Despite the wording of the granted ground for review, the observation by the court of appeals concerning *Nenno* is not actually a "holding." It was made because of the court's confusion as to why we remanded the cause for reconsideration under *Nenno*. After making that observation, the Court of Appeals went on to delineate and apply the test of admissibility for "soft sciences" as set forth in *Nenno*, and as directed by this court. *Weatherred*, 985 S.W.2d at 236–39. Because the only ground granted by this court does not challenge the court of appeals' *application*

of *Nenno,* sustaining that ground does nothing to change the court of appeals' final disposition in this case.

This is tacitly acknowledged in the State Prosecuting Attorney's brief to this court. In the portion of that brief titled "Summary of the Argument," the state briefly addresses the *Nenno* issue, and then in a separate paragraph, argues that *"[i]n addition,* the Court of Appeals erred in holding that, under *Nenno,* the proffered testimony was reliable, relevant, and not overly prejudicial." (Emphasis added.) This additional argument was not raised in the ground for review plead by the state and granted by this court; from the use of the words "in addition," it appears that the state understood this. Similarly, in the "Argument" portion of its brief, the state first makes its argument concerning the court of appeals' characterization of *Nenno.* It then goes on to assert that "[w]e believe that, under *Nenno,* the trial court did not err when it denied [appellant's] request to introduce expert evidence about eyewitness reliability." The state merely disagrees with the result reached by the court of appeals. This is not an appropriate ground for a petition for discretionary review. The state also argues that the evidence was inadmissible under TEX.R. EVID. 403. Again, this argument is not encompassed within the ground for review which was granted.

When the District Attorney and the State Prosecuting Attorney petitioned this court for discretionary review, we declined to grant the ground for review on which the majority now bases its decision. Today, a majority of this court decides to reverse the Court of Appeals on an issue that was not granted and is not before this court. *See* TEX.R.APP. P. 69.1. If the court desires to address the issue on which the majority bases its opinion, it should grant the issue on its own motion and order briefing. To do otherwise undermines the credibility of this court.

The state's petition should be dismissed as improvidently granted, or the court should order rebriefing on the issue it now decides. Because it does neither, I dissent.