Opinion issued on February 13, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-01-00672-CR




VAUGHN MARIO COOPER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 35,589A




O P I N I O N

          A jury found appellant, Vaughn Mario Cooper, guilty of possession of cocaine
in an amount more than four, but less than 200 grams, and, after finding two
enhancement paragraphs to be true, sentenced him to 99 years’ confinement. In two
issues, appellant argues (1) the trial court erred in admitting sexually explicit
photographs of appellant as evidence, and (2) the State made manifestly improper
statements to the jury during closing argument.
          We affirm.
Facts
On August 18, 2000, Fort Bend County Narcotics Task Force officers entered
a house on 507 South Pine Street, Arcola, Texas, pursuant to a search warrant. 
Detective Paske found two measuring cups, both filled with water, with crack cocaine
settled on the bottom of the cups. Powder cocaine was also found. 
          Investigating officers found a magazine addressed to appellant and another
person with 507 South Pine listed as the address, as well as Western Union receipts
that indicated that appellant had listed his address at 507 South Pine. Envelopes were
also found that had been sent to appellant at the 507 South Pine address. In a safe in
one of the bedrooms, sexually explicit photographs of appellant were found. 
Detective Paske testified that, during prior surveillance of the house, he had seen
appellant there on numerous occasions.
Admission of Photographs
          In his first point of error, appellant argues that the trial court abused its
discretion in admitting sexually explicit photographs of appellant into evidence in
violation of Texas Rules of Evidence 401, 402, 403, and 404(b). The trial court
admitted three photographs of appellant. Two of the photographs showed appellant
in nude poses, and the third showed appellant and a woman engaging in a sexual act. 
The genital areas in all of the pictures were redacted with a marker.
          Appellant’s objection to the introduction of the sexually explicit photographs
was that the pictures were highly prejudicial, inflammatory, and irrelevant. We will
review the trial court’s admission of the photographs for an abuse of discretion. 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).
           In this case, appellant, in an apparent effort to show that he did not own the
house where the cocaine was seized, established during the cross-examination of
Detective Paske that Paske had not found the fingerprints of appellant in the house,
no clothes of appellant’s had been identified in the house, and a magazine found in
the house that was addressed to appellant was also addressed to another person as
well. Appellant also asked Paske whether there were any personal items in the house
that belonged to appellant. The dialogue was as follows:
Appellant’s Counsel:Were there any personal items that belonged
to my client, such as trophies, keys, driver’s
license, anything like that, found that
belonged to [appellant]?
 
          Paske:                              Yes.
 
          Appellant’s Counsel:       And what specifically was that?
 
          Paske:                              Personal items that I found, we located in a safe with
pictures and videotapes and stuff that I would
have—I would consider “personal” to be [sic] if I
was in possession of them.

Appellant then elicited testimony from Paske that it was possible that the safe could
have belonged to someone other than appellant. 
          We have reviewed the record and conclude that the photographs were 
admissible because appellant “opened the door.” Evidence, even if otherwise
inadmissible, might be admissible to explain a matter once that matter has been
injected into a proceeding. Gilbert v. State, 874 S.W.2d 290, 296-97 (Tex.
App.—Houston [1st Dist.] 1994, pet. ref’d.). Appellant injected the matter into the
proceeding by asking Detective Paske whether he had found any “personal items” that
belonged to appellant. After asking the question to Paske, the State was entitled to
present evidence that fully explained what those personal items were. See id. at 297
(“Once a matter is injected into the proceeding, evidence to fully explain the matter
is relevant and admissible . . . .”). Accordingly, we hold that the trial court did not
abuse its discretion in admitting the photographs.
          We overrule issue one.
Improper Jury Argument
          In his second point of error, appellant argues that the State made manifestly
improper statements to the jury during closing argument.
          During the opening portion of closing argument, the State did not mention the
photographs except to say that “[W]e found personal items in the house to show he
lived there. It also shows he exercised control over the premises.” In his closing
argument, appellant specifically minimized the significance of the pictures, stating
that it was not known where the pictures had come from or who owned them. The
State responded by stating the following:
The letters, the magazines, the Western Union receipts, the intimate
pictures that were found inside that safe—Detective Paske told you that
there was, like, 24 of these pictures in there; and they’re pictures of this
guy right here naked (indicating). They’re also pictures of him having
sex with another woman. I don’t know about you, but even my best
friend—I don’t keep naked pictures of him in my house. The only
people that are going to do that are people like that.

Appellant objected to the statement, and after the trial court asked what the legal
objection was, appellant responded, “That information did not come from the witness
stand.” The trial court informed the State that they could “Go ahead.” 
          Appellant does not argue on appeal that the “information did not come from the
witness stand.” Appellant concedes that the trial counsel did not make an objection
of “improper argument,” but nevertheless contends that the issue of improper jury
argument has been preserved for our review because the comment was manifestly
improper. See Janecka v. State, 937 S.W.2d 456, 474 (Tex. Crim. App. 1996)
(holding that, “Without timely and specific objections, the question of allegedly
improper closing arguments is not preserved for our review unless manifestly
improper.”).


 Appellant argues that the comment from the State was manifestly
improper because it, “implied that appellant was an immoral, bad guy because he had
intimate pictures in his possession.”
          The four generally approved areas for jury argument are (1) summation of the
evidence, (2) reasonable deductions from the evidence, (3) answer to argument of
opposing counsel, and (4) plea for law enforcement. Westbrook v. State, 29 S.W.3d
103, 115 (Tex. Crim. App. 2000). In determining whether an improper jury argument
is manifestly improper, “we look at the entire record of final arguments to determine
if there was a willful and calculated effort on the part of the State to deprive appellant
of a fair and impartial trial.” Cantu v. State, 939 S.W.2d 627, 633 (Tex. Crim. App.
1997) (citing Johnson v. State, 604 S.W.2d 128, 135 (Tex. Crim. App. 1980)). 
          The State’s comment regarding the photographs was a response by the State
to the closing argument of appellant. The comment was given only after appellant
tried to minimize the significance of the pictures, and it appears as though its primary
purpose was to make significant the fact that most people would not leave sexually
explicit photographs in a house that was not their own. To the extent that the
statement was used to comment on the moral character of appellant, we cannot
determine from our review of the record that it was a “willful and calculated effort”
to deprive appellant of a fair and impartial trial. Accordingly, because we hold that
the State’s comment was not manifestly improper, the issue of improper jury
argument has not been preserved for our review.
           We overrule issue two.
Conclusion
We affirm the trial court’s judgment. 
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.

Do not publish.