NO. 07-04-0523-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 28, 2005


 ______________________________



JEFFREY PAUL GUGENHEIM, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 6544; HONORABLE LEE WATERS, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Jeffery Paul Gugenheim, appeals his conviction for possession of
anhydrous ammonia in an unapproved container with the intent to manufacture
methamphetamine. Appellant was convicted and sentenced to four years incarceration in
the Institutional Division of the Texas Department of Criminal Justice. We affirm.



Background

 In the early morning hours of August 24, 2002, a witness observed appellant in the
bed of a pickup truck in the vicinity of a farm with a holding tank containing anhydrous
ammonia. Considering the circumstances suspicious, the witness notified police, followed
the truck into town, and gave the police directions to the location of the pickup. (1) When the
police stopped the pickup truck they noticed an ammonia smell emanating from the bed,
and, upon investigation, condensation on a bag containing a propane tank with greenish
blue valves, and items commonly used during the production of illegal drugs such as salt,
toluene, and stripped lithium batteries. Additionally, the officers found items such as
walkie talkies, flashlights, and binoculars inside the cab of the truck that indicated the
occupants were concerned with being able to keep a look out. Based on the presence of
these components commonly found or used in the manufacture of methamphetamine,
appellant was arrested for possession of anhydrous ammonia in an unapproved container
with intent to manufacture methamphetamine. In order to preserve a sample from the
propane tank as evidence, (2) an officer siphoned some of the contents of the tank into water,
and sent the sample to the Texas Department of Public Safety for testing. The analysis
of the sample produced negative results for the presence of ammonia. (3) Despite the
negative test results, the State proceeded to trial.

 At trial, the State introduced the officers' opinion testimony that the propane tank
held anhydrous ammonia. Specifically, the officers identified the smell of ammonia, the
discolored brass valve assembly on the propane tank, and the condensation near the tank,
as indicators of anhydrous ammonia. The State also elicited testimony from an expert
witness, Doug Tennant, explaining the possibility of anhydrous ammonia being present in
the propane tank even though a sample taken from the tank produced negative results.

 At the conclusion of the State's case in chief, appellant requested a directed verdict
contending the State had failed to prove that appellant possessed anhydrous ammonia in
an unapproved container and thus had failed to prove all the elements of the offense. The
trial court denied appellant's request, and appellant was subsequently convicted and
sentenced to four years incarceration in the Institutional Division of the Texas Department
of Criminal Justice and fined $1,500.

 Appellant presents two issues on appeal. Appellant contends that (1) the evidence
is legally insufficient to support his conviction, and (2) the trial court erred in allowing
Tennant to testify as to the negative test results and formulate an opinion based on facts
not in evidence. We affirm.

Issue One: Legal Sufficiency 

 Appellant contends that the State did not produce sufficient evidence to establish
the presence of anhydrous ammonia, and thus, failed to prove the offense as a matter of
law. Specifically, appellant contends that the chemical analysis failed to confirm the
presence of anhydrous ammonia. (4) The State counters that the officers' opinion testimony
was sufficient to establish the presence of anhydrous ammonia, and sufficient evidence
for the jury to find appellant guilty beyond a reasonable doubt.

 In a challenge to the legal sufficiency of the evidence, the entire record evidence
shall be considered in the light most favorable to the jury's verdict to determine if a rational
jury could have found all the essential elements of the offense beyond a reasonable doubt. 
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Clewis
v. State, 922 S.W.2d 126, 132 (Tex.Crim.App. 1996). A review of the evidence does not
involve any weighing of favorable and non-favorable evidence; rather, all of the evidence
is viewed in a light favorable to the verdict. See Cardenas v. State, 30 S.W.3d 384, 389
(Tex.Crim.App. 2000). When reviewing a case comprised wholly of circumstantial
evidence, the standard of review is the same as it is for reviewing cases in which direct
evidence exists. King v. State, 29 S.W.3d 556, 565 (Tex.Crim.App. 2000).

 In this case, the evidence includes testimony (1) that appellant was in a vehicle near
anhydrous ammonia tanks at 2 a.m., (2) that an accomplice was taking appellant to get
some anhydrous ammonia, that he dropped appellant off with a propane tank near the
anhydrous ammonia holding tank, and that their intent was to cook some
methamphetamine, (3) of walkie talkies, flashlights, and binoculars used to keep a look out
while siphoning the anhydrous ammonia from the farm holding tank, (4) of a strong smell
of ammonia, (5) of icy condensation on a bag holding the propane tank indicating the
presence of a compressed gas, (6) of discolored brass valves on the propane tank
indicating that the valves came in contact with some ammonia or ammonia-containing
products, (7) describing the function of anhydrous ammonia in the production of
methamphetamine, and (8) describing the presence of other items in the truck cab such
as stripped lithium batteries and toluene, used in the manufacture of methamphetamine.
We conclude that the evidence when viewed in a light favorable to the verdict was
sufficient to allow a rational jury to find that the State had proven the presence of
anhydrous ammonia in an unapproved container beyond a reasonable doubt. We overrule
appellant's first issue.

Issue Two: Foundation of Expert Testimony 

 Next, appellant contends that the State's expert witness, Doug Tennant, should not
have been allowed to develop his opinion as to the negative test results based on
information not established at trial. The State counters, that an expert is allowed to base
his opinion on assumed facts in accordance with the State's theory of the case. We review
a trial court's decision to admit expert testimony for abuse of discretion. See Weatherred
v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2000). 

 Appellant's complaint is that the State impermissibly presented Tennant's testimony
to refute the negative test results from the Texas Department of Public Safety. Appellant
contends that Tennant's explanation that water or propane in the tank may have prevented
a proper sampling of anhydrous ammonia was improper because no evidence was
presented that the propane tank actually contained water or propane. However, a police
officer did testify to hearing a sloshing noise in the tank, a fact that the jury could presume
indicated a liquid in the tank. Thus, it was proper for the State to ask Tennant hypothetical
questions assuming facts in accordance with its theory of the case as long as the assumed
facts are supported by the record. See Pyles v. State, 755 S.W.2d 98, 118 (Tex.Crim.App.
1988); Barefoot v. State, 596 S.W.2d 875, 887-88 (Tex.Crim.App. 1980). If appellant
desired to secure the expert's opinion upon a different set of facts he could have done so
on cross-examination. Barefoot, 596 S.W.2d at 888. We overrule appellant's second
issue.

Conclusion

 Having overruled appellant's issues, we affirm. 


 Mackey K. Hancock

 Justice


Do not publish. 
1. The witness testified that appellant was initially in the bed of the truck, but that, at
some point, appellant moved from the bed into the cab of the truck.
2. At least two police officers testified that, because of the volatile chemicals, the
standard operating procedure is not to store this type of evidence, but to contact a
hazardous materials team for the destruction of the evidence.
3. Actually, the Texas Department of Public Safety analyzed two samples. The first
sample was tested for controlled substances, but not ammonia. The second sample was
tested specifically for the presence of ammonia, but produced negative results.
4. A substance is presumed to be anhydrous ammonia if the substance is in a
container or receptacle that is not designed and manufactured to lawfully hold or transport
anhydrous ammonia and a laboratory test of a water solution of the substance produces
a positive result for ammonia. See Tex. Health & Safety Code Ann. § 481.124(c) (Vernon
1992).