02-10-406-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00406-CR

 

 


 
 
 David Brien Babineaux
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 97th
District Court OF Montague COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

          Appellant
David Brien Babineaux appeals his convictions for two counts of aggravated
sexual assault and one count of indecency with a child.  In two issues,
Babineaux complains of the admission of certain testimony in violation of Texas
Rules of Evidence 403 and 404 and Texas Code of Criminal Procedure article
38.37.  We will affirm.

II.  Factual
and Procedural Background

Babineaux’s
daughter L.B. attended a “Break the Silence” sexual abuse awareness program at
Bellevue Junior High School when she was thirteen years old.  After the
program, she made an outcry to the program’s presenter, Jodie Connaughton of
the child advocacy center in Bowie, Texas, that Babineaux had been sexually
abusing her.  At the time, L.B. lived with Babineaux, his long-time girlfriend
Debra Keyes, and Babineaux and Keyes’s infant son.  L.B. told Connaughton that
Babineaux “had done everything that [Connaughton] had just talked about,”
including touching her “breasts and vagina” and putting his “nuts” inside of
her.  L.B. told Connaughton that the last time Babineaux had done anything to
her was two days earlier, on February 27, 2005.  Connaughton referred the
matter to Child Protective Services, who had an investigator interview L.B.;
L.B. reiterated what she had told Connaughton and said that her father had been
sexually abusing her since she was eleven years old.  Dr. Terry Johnson
conducted a sexual abuse examination of L.B. that same day; the examination
showed “positive physical findings consistent with a history of vaginal
penetration.”

On
June 15, 2005, Babineaux was charged with aggravated sexual assault of a child
by digital penetration (count one), aggravated sexual assault of a child by
sexual organ-to-sexual organ contact (count two), and indecency with a child by
touching L.B.’s breasts with the intent to arouse or gratify his sexual desires
(count three).  All three counts alleged that the conduct occurred on or about
February 27, 2005.

After
Babineaux was indicted, Keyes, who had been living with him for twelve years
and with L.B. for eight of those years, gave a statement in Babineaux’s favor
to private investigator Joe Hall.  Keyes said that she was at home with L.B.
and Babineaux the entire evening of February 27, 2005, and that L.B.’s assertions
were “absolutely false.”  Keyes explained that L.B. was prone to lying and that
Keyes suspected that L.B. was lying about this incident because Babineaux was a
strict disciplinarian and she wanted to go live with her mother in Kansas.

Keyes
and Babineaux later separated and began a custody dispute over their son. 
Keyes ultimately recanted the statement she gave Hall.  At Babineaux’s trial,
she explained that Babineaux had coerced her into giving a statement in his
favor because he had told her that he would take her son away from her.  Keyes
further testified that she was at a restaurant singing karaoke with friends,
not at home, on the evening of February 27, 2005.  Keyes said that she had not
noticed any inappropriate conduct or sexual relationship between Babineaux and
L.B during the eight years that L.B. had lived with them.

Keyes
further testified to a conversation that she had with Babineaux several months
after the alleged February 27 incident.  During that conversation, Babineaux
told her that, on the evening of February 27, L.B. had continuously complained
to him about vaginal itching.  According to Keyes, Babineaux

just got tired of
[L.B.] bugging [him] so he said he took her into the living room and made her
take her pants and her underwear off and laid her down on the floor to check to
see what was going on. . . .  He said that he spread her legs and he moved her
pubic hair over with his hand and then he spread her lips to look.

 

The
trial court overruled Babineaux’s objections to the testimony. 

The
jury convicted Babineaux of all three counts and assessed Babineaux’s
punishment at five years’ confinement and a $2,000 fine for count one; five
years’ confinement and a $2,000 fine for count two, but recommended community
supervision; and two years’ confinement and a $1,000 fine for count three.  The
trial court sentenced him accordingly, suspended the sentence for count two,
and ordered a ten-year community supervision period for that count to commence
upon completion of the prison sentence for count one.  Babineaux later moved
for a new trial, and at a hearing on his motion, he presented a witness to
testify that the restaurant where Keyes said she spent the evening of February
27 did not offer karaoke on that night.  The trial court denied his motion for
a new trial.

III.  Admission
of Keyes’s Testimony

In
two issues, Babineaux argues that the trial court erred by admitting Keyes’s
testimony about his vaginal exam of L.B. in violation of Texas Rules of
Evidence 403 and 404 and Texas Code of Criminal Procedure article 38.37, and
that the erroneous admission of that evidence harmed him.

A. 
Standard of Review

We
review a trial court’s decision to admit or to exclude evidence under an abuse
of discretion standard.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex.
Crim. App. 2000); Lagrone v. State, 942 S.W.2d 602, 613 (Tex. Crim.
App.), cert. denied, 522 U.S. 917 (1997).  A trial court does not abuse
its discretion as long as the decision to admit or to exclude the evidence is
within the zone of reasonable disagreement.  Montgomery v. State, 810
S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh’g).

B. 
Evidence was not Extraneous Offense Evidence

Babineaux
first argues that Keyes’s testimony about his giving L.B. a vaginal examination
was evidence of “other crimes, wrongs or acts,” inadmissible under rule of
evidence 404(b) or article 38.37, section 2 of the code of criminal procedure.  See
Tex. R. Evid. 404(b) (providing that evidence of “other crimes, wrongs or
acts” is inadmissible to prove character conformity); Tex. Code Crim. Proc.
Ann. art. 38.37, § 2 (Vernon Supp. 2010) (providing that evidence of extraneous
offenses by the defendant against child-victim in a sexual assault case is
admissible, notwithstanding rule 404, to show defendant’s and child’s state of
mind or relationship).  However, Keyes’s testimony was not about a different
incident than the one for which Babineaux was on trial.  Instead, she was
testifying about Babineaux’s explanation to her, after he was indicted, about
what had occurred on February 27, 2005; she
testified that Babineaux was explaining what had really happened between him
and L.B. “the night that [Keyes] was gone” and that L.B. “was trying to make it
more than what it was.”  When offering the evidence, the prosecutor argued that
it was not evidence of an extraneous offense and instead “relates to the events
themselves in the period referred to in the indictment.”  And in overruling Babineaux’s
objections, the trial court noted that the testimony was “[j]ust a different
explanation of the occurrence,” or Babineaux’s attempt to explain what L.B. had
accused him of.

Because
Keyes’s testimony was not about an extraneous act or offense, neither rule
404(b) nor article 38.37, section 2 of the code of criminal procedure was applicable
to her testimony.  See Tex. R. Evid. 404(b); Tex. Code Crim. Proc. Ann.
art. 38.37, § 2.  Consequently, we overrule the portion of Babineaux’s first
issue arguing that the complained-of testimony was inadmissible extraneous
offense evidence.

C. 
Evidence was not more Prejudicial than Probative

Babineaux
also argues that the complained-of testimony was more prejudicial than
probative under rule of evidence 403.  See Tex. R. Evid. 403.  He argues
specifically that the testimony “stood only as evidence of Babineaux’s character—that
he supposedly lied.”

Rule
403 provides that even relevant evidence may be excluded “if its probative
value is substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury . . . .”  Id. 
“‘Relevant evidence’ means evidence having any tendency to make the existence
of any fact that is of consequence to the determination of the action more
probable or less probable than it would be without the evidence.”  Tex. R.
Evid. 401.

Rule
403 favors the admission of relevant evidence, and it is presumed that relevant
evidence will be more probative than prejudicial.  Shuffield v. State,
189 S.W.3d 782, 787 (Tex. Crim. App.), cert. denied, 549 U.S. 1056
(2006).  A proper rule 403 analysis includes, but is not limited to, the
following factors: (1) the probative value of the evidence; (2) the potential
of the evidence to impress the jury in some irrational, yet indelible, way; (3)
the time needed to develop the evidence; and (4) the proponent’s need for the
evidence. Prible v. State, 175 S.W.3d 724, 733 (Tex. Crim. App.), cert.
denied, 546 U.S. 962 (2005).

Here,
applying the rule 403 balancing factors, we hold that the trial court did not
abuse its discretion by determining that the probative value of the
complained-of testimony was not outweighed by its prejudicial effect.  See Shuffield,
189 S.W.3d at 787; Prible, 175 S.W.3d at 733.  Evidence that
Babineaux admitted to touching L.B.’s sexual organ—albeit for the purpose of
conducting a vaginal examination—was no doubt relevant and probative of the
charged offenses.  The testimony at issue was very brief, spanning only three
pages of the record.  Considering L.B.’s detailed testimony about Babineaux’s
continued sexual assaults on her, evidence that Babineaux said he “spread her
legs,” “moved her pubic hair over with his hand,” and “spread her lips to look”
was not likely to inflame the jury.  The State presented other evidence,
including L.B.’s testimony and the physical examination results, to prove that
Babineaux had committed the offenses alleged in the indictment; but Babineaux’s
explanation to Keyes as to why he touched L.B. did constitute evidence that
Babineaux admitted to touching L.B.’s sexual organ in some manner.

Having
addressed all of Babineaux’s complaints in his two issues, we overrule those
issues.

IV.  Conclusion

          Having
overruled Babineaux’s two issues, we affirm the trial court’s judgment.

 

 

SUE WALKER

JUSTICE

 

PANEL: 
GARDNER, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: 
May 12, 2011









[1]See Tex. R. App. P. 47.4.