**Opinion filed August 31, 2011**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00150-CR

_____

## DEREK THOMAS MURPHY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR36741**

### M E M O R A N D U M   O P I N I O N

Derek Thomas Murphy appeals his convictions for the offenses of manslaughter and aggravated assault, to which he had pleaded guilty before the jury. The jury assessed his punishment for manslaughter at fourteen years in the Texas Department of Criminal Justice, Institutional Division, and a $5,000 fine, while assessing his punishment for aggravated assault at ten years, with the judgment suspended and Murphy placed on community supervision for a period of time to be determined by the judge, and a fine of $5,000. The judgment reflects ten years as the period of time Murphy is to serve on community supervision. In three issues on

appeal, Murphy contends that the trial court abused its discretion in admitting into evidence a computer-generated animation, certain photographs of the crime scene, and emergency room photographs of the victim. We affirm.

Murphy killed the victim in this case by colliding with her vehicle while he was driving at a high rate of speed in Midland. He contends in his first issue that the trial court abused its discretion in admitting a computer-generated animation of the crime scene because he was unfairly prejudiced in that the animation was duplicative and misleading pursuant to Texas Rules of Evidence 401, 402, and 403.

Ray Miller testified that he is a police officer for the City of Midland who is assigned to the traffic division of the police department. He indicated that his duties included investigating accidents and conducting accident reconstructions. Officer Miller said his office had an accident reconstruction program called Visual Statement FX3 that allows him to use data collected regarding an accident to render a computer-animated drawing of a traffic scene. He described his training in the use of the machine. He identified State's Exhibit 45 as the disk containing the animations he produced of the accident involved in this case. He indicated that the purpose of the animation was simply to show the amount of distance covered in periods of time to show the relation of the vehicles in the roadway.

Officer Miller explained in detail how he produced the animation by entering the speeds of the vehicles as had been determined by accident investigators. He explained that the animation is to scale with respect to the streets and lanes of traffic, but not as to surrounding buildings and other aspects of the surrounding environment. He characterized the images on the animation as a fair and accurate representation of the traffic collision between Murphy and the victim. He noted that all the information and assumptions used to create the animation were supplied either by him or other officers. He said that the animation shows, based upon distance and speed traveled, how much ground is being covered in a given period of time. Murphy objected to the evidence under Rules 401 and 402 of the Texas Rules of Evidence because it was not relevant and under Rule 403 because it was cumulative of other evidence, did not include the surrounding environment, displayed cars that each looked the same, and consequentially, would be unfairly prejudicial. The trial court, finding that the exhibit was relevant and that its probative value outweighed any tendency of unfair prejudice, overruled the objection.

As an appellate court reviewing a trial court's ruling on the admissibility of evidence, we must utilize an abuse of discretion standard of review. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). We must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Id.* We have examined the exhibit and find that the exhibit was relevant and that the fact that the cars in the animation might have looked similar or that the surrounding background was either not there or not to scale did not cause the probative value of the evidence to be substantially outweighed by unfair prejudice. We also find that the animation was not cumulative of other evidence. Consequently, we hold that the trial court did not abuse its discretion in admitting the exhibit because its decision to admit the exhibit was within the zone of reasonable disagreement. We overrule Issue One.

Murphy urges in Issue Two that the trial court abused its discretion by admitting numerous photographs of the crime scene because they were unfairly prejudicial by being duplicative pursuant to Texas Rules of Evidence 401, 402, and 403. At least seventeen photographs of the vehicles involved in the accident, none of them duplicates, were introduced into evidence. When the photographs were admitted, Murphy urged that they were not relevant because he had pleaded guilty and that they were unduly prejudicial due to "the vast number of them."

Introduction of evidence by the State in a felony case involving a plea of guilty before the jury is to enable the jury to intelligently exercise the discretion that the law vests in the jury with regard to the penalty to be assessed. *Wilkerson v. State*, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987). Relevant facts admissible under a plea of not guilty are also admissible under a plea of guilty. *Id.*

While a number of photographs from the scene were admitted, there were no duplicates. The photographs tended to show the exterior of the two vehicles at different distances and perspectives and also showed the impact of the collision on the interior of the vehicles. Murphy did not identify any particular photograph or photographs as objectionable because of being cumulative, merely applying that objection to the whole group. We have examined all of the photographs and agree with the trial court's determination that the number of photographs admitted did not cause their probative value to be substantially outweighed by unfair prejudice. To the extent that Murphy seeks to raise an issue that two of the photographs were unfairly prejudicial because they showed his radar detector, we note that such an objection was not raised

3

at trial. Because we find that the trial court's decision in admitting these photographs into evidence was within the zone of reasonable disagreement, we overrule Issue Two.

Murphy insists in Issue Three that the trial court abused its discretion by admitting certain pre-autopsy photographs of the victim taken in the emergency room of the hospital. Larry Shackelford testified that he is a crime scene investigator with the Midland Police Department. He identified the pictures in question as photographs he had taken of the victim at the emergency room. When the photographs were offered into evidence, Murphy objected that they were outside Article 37.07 of the Texas Code of Criminal Procedure, TEX. CODE CRIM. PROC. ANN. art. 37.07 (Vernon Supp. 2010); that, under Rule 401 of the Texas Rules of Evidence, they did not make anything less probable; and that, with respect to Rule 403 of the Rules of Evidence, they were unfairly prejudicial, cumulative, and gruesome photos. In later elaborating on the objections, Murphy added that the photographs were misleading because they were not related to the cause of the victim's death.

In his brief, Murphy contends that the photographs were cumulative, stating that the trial court erred by admitting the emergency room photographs after having admitted autopsy photographs. We have examined both the autopsy photographs and the emergency room photographs and find that none is a duplication of another, with each of them providing views of different parts of the body. We, therefore, do not find them to be cumulative.

Murphy asserts that, in order to be admissible, they must show something more than the death of the victim: something that is relevant and helpful to the jury. He relies on *Erazo v. State*, 144 S.W.3d 487, 493 (Tex. Crim. App. 2004). The photographs were helpful to the jury because they showed wounds suffered by the victim for whose death Murphy was on trial. *See id*. at 494.

Murphy also calls our attention to the fact that the body is nude, but as he points out, whether the body is nude or clothed is only one of several factors that the trial court may consider in determining whether the probative value of the photographs is substantially outweighed by the danger of unfair prejudice. *See Hayes v. State*, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002). We hold that, when considering all relevant factors, the trial court's decision that the probative value of the photographs was not substantially outweighed by unfair prejudice was within the zone of reasonable disagreement. We overrule Issue Three.

The judgment is affirmed.

PER CURIAM

August 31, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

5