

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00359-CR

Ricardo P. **ACOSTA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR4679
Honorable Michael E. Mery, Judge Presiding

Opinion by:     Velia J. Meza, Justice

Sitting:        Irene Rios, Justice
                H. Todd McCray, Justice
                Velia J. Meza, Justice

Delivered and Filed: August 6, 2025

AFFIRMED

Ricardo Acosta appeals his conviction for evading arrest or detention with a vehicle, a third-degree felony. We affirm.

## BACKGROUND

On December 16, 2022, San Antonio Police Officer Hernandez allegedly saw Acosta operating a handheld mobile device while operating a motor vehicle in violation of a City of San Antonio ordinance. Following this observation, Officer Hernandez initiated a traffic stop by

placing his patrol vehicle behind Acosta and activating his emergency lights. Acosta, however, did not immediately stop for Officer Hernandez.

Officer Hernandez merged into the right-hand lane, to position himself within Acosta's side-view mirror. Additionally, Officer Hernandez activated his siren multiple times in in an effort to get Acosta's attention. Despite Officer Hernandez's efforts, Acosta continued driving for approximately seven minutes. Notably, during this "pursuit" Acosta neither accelerated beyond the speed limit, swerved into oncoming traffic, turned abruptly, nor drove on the wrong side of the road. Acosta ultimately stopped his vehicle upon reaching his residence.

While taking cover behind his patrol vehicle with his service weapon unholstered, Officer Hernandez ordered Acosta to exit his vehicle. After a brief delay, Acosta finally exited his vehicle. After concluding that Acosta posed no threat to his safety, Officer Hernandez holstered his service weapon and approached Acosta to place him under arrest. Acosta, who denied any wrongdoing, broke free from Officer Hernandez's handcuffs. The situation escalated into an altercation between the two, with Officer Hernandez fighting to regain control over Acosta. Ultimately, after a brief struggle and the use of a taser, Officer Hernandez and Officer Flores, arrested Acosta. He was charged with evading arrest or detention with a vehicle, a third-degree felony, and attempting to take a weapon from a peace officer, a state jail felony. A grand jury formally indicted Acosta on both charges; a jury trial ensued.

During his trial, the State sought to introduce evidence that Acosta—at the time of the incident—had an outstanding municipal court warrant. Specifically, the State contended that such evidence was relevant to prove Acosta's motive for evading arrest with a vehicle. Acosta's counsel objected and argued that the evidence "does not speak to any of the elements of [such] offense" and that the jury could be prejudiced by such a fact. Additionally, Acosta's counsel argued the

evidence of the municipal court warrant should be excluded since it was only discovered after Acosta's arrest and was not a basis for Officer Hernandez's traffic stop. The trial court overruled Acosta's objection and allowed the State to develop the testimony.

On direct examination, Officer Hernandez was asked if he ran Acosta for warrants. Officer Hernandez stated that "upon the investigation when we get a hold of [Acosta's] driver's license, [he] ran it on [his] computer in the system and he returned it to have an active warrant for his arrest." On cross-examination, Officer Hernandez clarified that the warrant was a "municipal traffic warrant" and not for "a murder or a kidnapping or anything like that."

After deliberating, the jury found Acosta guilty of the offense of evading arrest or detention while using a vehicle but acquitted him of attempting to take a weapon from a peace officer. Acosta elected for the trial court to assess his punishment. The trial court assessed a $1,500 fine and two years in the Texas Department of Criminal Justice suspended and probated for two years. Acosta appealed.

## DISCUSSION

On appeal, Acosta raises one issue and contends that the trial court erred in admitting the extraneous offense evidence pertaining to the outstanding municipal warrant. We disagree.

### 1. Standard of Review

We utilize the abuse of discretion standard when reviewing a trial court's ruling on the admission of evidence. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)). We will uphold the trial court's decision if it is within the "zone of reasonable disagreement." *Pearson v. State*, 668 S.W.3d 140, 143 (Tex. App.—San Antonio 2023, no pet.) (citation omitted). Additionally, we

"review the trial court's ruling in light of what was before the trial court at the time the ruling was made." *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000) (citations omitted).

"An objection must be made under both [Texas Rules of Evidence] 404(b) and 403 to preserve error regarding the admission of evidence of an extraneous offense." *Morales v. State*, 222 S.W.3d 134, 146 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.) (citing *Montgomery*, 810 S.W.2d at 388). Here, although specific references to Rules 404(b) or 403 were not made in Acosta's objection, the trial court was on notice and made its ruling based on those rules. As such, we will analyze whether the trial court abused its discretion in admitting evidence of Acosta's municipal warrant under the framework of Rules 404(b) and 403.

2. Evidence of Acosta's Municipal Warrant Was Relevant To Prove Motive Under Rule 404(b)

We have previously held that "[g]enerally, evidence of extraneous acts may not be used against an accused in a criminal trial." *Cruz v. State*, No. 04-10-00392-CR, 2011 WL 1744113, at *2 (Tex. App.—San Antonio May 4, 2011, no pet.) (mem. op., not designated for publication) (citations omitted). This "general prohibition against the admission of extraneous offenses to prove a defendant's character or propensity to commit the crime carries with it numerous exceptions." *Daggett v. State*, 187 S.W.3d 444, 451 (Tex. Crim. App. 2005). Pursuant to Texas Rule of Evidence 404(b)(2), evidence of extraneous acts is permitted to show proof of motive, intent, knowledge, absence of mistake, or lack of accident. However, such extraneous evidence only becomes admissible if intent is a contested issue. *Dunklin v. State*, 194 S.W.3d 14, 26 (Tex. App.—Tyler 2006, no pet.). "Intent can be characterized as a contested issue" if "the required intent for the primary offense cannot be inferred from the act itself or if the accused presents evidence to

- 4 -

rebut the inference that the required intent existed." *Johnson v. State*, 932 S.W.2d 296, 302 (Tex. App.—Austin 1996, pet. ref'd).

In this case, the indictment alleged in pertinent part that Acosta "while using a vehicle, did *intentionally* flee from . . . a person [Acosta] knew was a peace officer who was attempting lawfully to arrest and detain [him]." Thus, Acosta's intent was a contested issue since it is an element which the State was required to prove beyond a reasonable doubt. *Cantrell v. State*, 731 S.W.2d 84, 89 (Tex. Crim. App. 1987). Furthermore, Acosta's theory of the case was that he did not intentionally flee from Officer Hernandez; but rather failed to stop as a result of several alternative factors— including feeling ill, being sent home from work, and a belief that he may have contracted the coronavirus. And as stated in his brief, "[Acosta] contested a single fact at trial, one of great consequence to the State's case: [Acosta] was not evading or fleeing from arrest. [Acosta] was simply getting home so his family could help deal with his COVID sickness and unexpected traffic infraction." Under the Rule 404(b) framework, we find that the trial court did not abuse its discretion by ruling Acosta's outstanding municipal warrant was relevant.

3. <u>The Prejudicial Impact of Acosta's Municipal Warrant Did Not Outweigh Its Probative Value</u>

Texas Rule of Evidence 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." TEX. R. EVID. 403. Appellate courts conduct a Rule 403 analysis by reviewing the following non-exhaustive factors: "(1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; (4) the proponent's need for the evidence." *Erazo v. State*, 144 S.W.3d 487, 489 (Tex. Crim. App. 2004).

Here, we cannot say the trial court's ruling to allow the State to adduce evidence of Acosta's outstanding municipal warrant was an abuse of discretion. The existence of this active municipal warrant carried great probative value since it could establish Acosta's motive to evade arrest. Officer Hernandez's straightforward testimony—without any embellishment—regarding Acosta's active warrant also reinforces that the jury was not impressed in some irrational way. The brevity of Officer Hernandez's testimony starkly contrasts against the danger of undue delay or the presentment of cumulative evidence in developing this fact. Finally, the State's limited sources of evidence related to Acosta's intent—which was a contested issue—elevated its need for such evidence. Accordingly, we find the factors support the admission of evidence concerning Acosta's active municipal warrant.

Consequently, we conclude that the trial court's admission of Acosta's active municipal warrant fell within the zone of reasonable disagreement. *Pearson*, 668 S.W.3d at 143. Therefore, the trial court did not abuse its discretion in admitting such evidence. We overrule Acosta's sole issue on appeal.

CONCLUSION

Having overruled Acosta's sole issue, we affirm the trial court's judgment.

Velia J. Meza, Justice

DO NOT PUBLISH