Opinion filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00150-CR 

                                                    __________

 

                            DEREK
THOMAS MURPHY, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR36741

 



 

                                            M
E M O R A N D U M   O P I N I O N

Derek
Thomas Murphy appeals his convictions for the offenses of manslaughter and
aggravated assault, to which he had pleaded guilty before the jury.  The jury
assessed his punishment for manslaughter at fourteen years in the Texas
Department of Criminal Justice, Institutional Division, and a $5,000 fine,
while assessing his punishment for aggravated assault at ten years, with the
judgment suspended and Murphy placed on community supervision for a period of
time to be determined by the judge, and a fine of $5,000.  The judgment
reflects ten years as the period of time Murphy is to serve on community
supervision.  In three issues on appeal, Murphy contends that the trial court
abused its discretion in admitting into evidence a computer-generated
animation, certain photographs of the crime scene, and emergency room
photographs of the victim.  We affirm.

            Murphy
killed the victim in this case by colliding with her vehicle while he was
driving at a high rate of speed in Midland.  He contends in his first issue
that the trial court abused its discretion in admitting a computer-generated
animation of the crime scene because he was unfairly prejudiced in that the animation
was duplicative and misleading pursuant to Texas Rules of Evidence 401, 402,
and 403.  

            Ray
Miller testified that he is a police officer for the City of Midland who is
assigned to the traffic division of the police department.  He indicated that
his duties included investigating accidents and conducting accident
reconstructions.  Officer Miller said his office had an accident reconstruction
program called Visual Statement FX3 that allows him to use data collected
regarding an accident to render a computer-animated drawing of a traffic
scene.  He described his training in the use of the machine.  He identified
State’s Exhibit 45 as the disk containing the animations he produced of the accident
involved in this case.  eHe indicated that
the purpose of the animation was simply to show the amount of distance covered
in periods of time to show the relation of the vehicles in the roadway.

            Officer
Miller explained in detail how he produced the animation by entering the speeds
of the vehicles as had been determined by accident investigators.  He explained
that the animation is to scale with respect to the streets and lanes of
traffic, but not as to surrounding buildings and other aspects of the
surrounding environment.  He characterized the images on the animation as a
fair and accurate representation of the traffic collision between Murphy and
the victim.  He noted that all the information and assumptions used to create
the animation were supplied either by him or other officers.  He said that the
animation shows, based upon distance and speed traveled, how much ground is
being covered in a given period of time.  Murphy objected to the evidence under
Rules 401 and 402 of the Texas Rules of Evidence because it was not relevant
and under Rule 403 because it was cumulative of other evidence, did not include
the surrounding environment, displayed cars that each looked the same, and
consequentially, would be unfairly prejudicial.  The trial court, finding that
the exhibit was relevant and that its probative value outweighed any tendency
of unfair prejudice, overruled the objection.

            As
an appellate court reviewing a trial court’s ruling on the admissibility of
evidence, we must utilize an abuse of discretion standard of review.  Weatherred
v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  We must uphold the
trial court’s ruling if it was within the zone of reasonable disagreement.  Id. 
We have examined the exhibit and find that the exhibit was relevant and
that the fact that the cars in the animation might have looked similar or that
the surrounding background was either not there or not to scale did not cause
the probative value of the evidence to be substantially outweighed by unfair
prejudice.  We also find that the animation was not cumulative of other evidence. 
Consequently, we hold that the trial court did not abuse its discretion in
admitting the exhibit because its decision to admit the exhibit was within the
zone of reasonable disagreement.  We overrule Issue One.

Murphy
urges in Issue Two that the trial court abused its discretion by admitting
numerous photographs of the crime scene because they were unfairly prejudicial
by being duplicative pursuant to Texas Rules of Evidence 401, 402, and 403.  At
least seventeen photographs of the vehicles involved in the accident, none of
them duplicates, were introduced into evidence.  When the photographs were
admitted, Murphy urged that they were not relevant because he had pleaded
guilty and that they were unduly prejudicial due to “the vast number of them.”

Introduction
of evidence by the State in a felony case involving a plea of guilty before the
jury is to enable the jury to intelligently exercise the discretion that the
law vests in the jury with regard to the penalty to be assessed.  Wilkerson
v. State, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987).  Relevant facts
admissible under a plea of not guilty are also admissible under a plea of
guilty.  Id.

While
a number of photographs from the scene were admitted, there were no duplicates.
The photographs tended to show the exterior of the two vehicles at different
distances and perspectives and also showed the impact of the collision on the
interior of the vehicles.  Murphy did not identify any particular photograph or
photographs as objectionable because of being cumulative, merely applying that
objection to the whole group.  We have examined all of the photographs and
agree with the trial court’s determination that the number of photographs
admitted did not cause their probative value to be substantially outweighed by
unfair prejudice.  To the extent that Murphy seeks to raise an issue that two
of the photographs were unfairly prejudicial because they showed his radar
detector, we note that such an objection was not raised at trial.  Because we
find that the trial court’s decision in admitting these photographs into
evidence was within the zone of reasonable disagreement, we overrule Issue Two.

Murphy
insists in Issue Three that the trial court abused its discretion by admitting
certain pre-autopsy photographs of the victim taken in the emergency room of
the hospital.  Larry Shackelford testified that he is a crime scene
investigator with the Midland Police Department.   He identified the pictures
in question as photographs he had taken of the victim at the emergency room. 
When the photographs were offered into evidence, Murphy objected that they were
outside Article 37.07 of the Texas Code of Criminal Procedure, Tex. Code Crim. Proc. Ann. art. 37.07
(Vernon Supp. 2010); that, under Rule 401 of the Texas Rules of Evidence, they
did not make anything less probable; and that, with respect to Rule 403 of the Rules
of Evidence, they were unfairly prejudicial, cumulative, and gruesome photos. 
In later elaborating on the objections, Murphy added that the photographs were
misleading because they were not related to the cause of the victim’s death.

In
his brief, Murphy contends that the photographs were cumulative, stating that
the trial court erred by admitting the emergency room photographs after having
admitted autopsy photographs.  We have examined both the autopsy photographs
and the emergency room photographs and find that none is a duplication of
another, with each of them providing views of different parts of the body.  We,
therefore, do not find them to be cumulative.  

Murphy
asserts that, in order to be admissible, they must show something more than the
death of the victim:  something that is relevant and helpful to the jury.  He
relies on Erazo v. State, 144 S.W.3d 487, 493 (Tex. Crim. App. 2004). 
The photographs were helpful to the jury because they showed wounds suffered by
the victim for whose death Murphy was on trial.  See id.
at 494.

Murphy
also calls our attention to the fact that the body is nude, but as he points
out, whether the body is nude or clothed is only one of several factors that
the trial court may consider in determining whether the probative value of the
photographs is substantially outweighed by the danger of unfair prejudice.  See
Hayes v. State, 85 S.W.3d 809, 815 (Tex. Crim. App. 2002).  We hold that,
when considering all relevant factors, the trial court’s decision that the
probative value of the photographs was not substantially outweighed by unfair
prejudice was within the zone of reasonable disagreement.  We overrule Issue
Three.




 

            The
judgment is affirmed.  

 

                                                   
                                PER CURIAM                                               

August 31, 2011

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.