**Affirmed and Memorandum Opinion filed March 26, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00151-CR

---

### KAREEM MCCANE HUEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Cause No. 1333336**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Kareem McCane Huey of aggravated robbery with a deadly weapon. The trial court sentenced appellant to confinement for 33 years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal. We affirm.

In a single issue, appellant argues the trial court erred in the punishment phase by admitting evidence relating to a juvenile probation. The State questioned

appellant about whether he had been placed on probation as a juvenile. The record reflects that appellant objected and the trial court stated: "I am going to overrule the objection. I'm going to give this jury an instruction to disregard the last question and answer by the prosecutor to the defendant." The following exchange then occurred:

> [Defense Counsel]: Now, you are going to instruct the jury to disregard?
>
> THE COURT: I am.
>
> [Defense Counsel]: Judge, I suggest that no instruction can cure it and I'd ask for a mistrial.
>
> THE COURT: That will be denied.
>
> . . .
>
> THE COURT: . . . Ladies and gentlemen of the jury, I'm going to instruct you to disregard the last couple of questions by the prosecutor and the answers given by the defendant. You are not to consider that for any purpose in deliberating the case."

Appellant complains that evidence of his prior probated sentence was not admissible because the State failed to provide proper notice in accordance with article 37.07 of the Texas Code of Criminal Procedure.

We first note that the trial court's instruction to the jury to disregard the State's questions and appellant's answers related to the probated sentence is at odds with the court's evidentiary ruling. Appellant does not assign error to the trial court's denial of the motion for mistrial. Thus, even if we were to determine that the trial court erred in admitting the evidence, we also would conclude that such error is harmless in light of the curative instruction. *See Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (holding that "[o]rdinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses").

2

We turn to whether appellant's prior probated sentence was admissible without the article 37.07 notice from the State. Section 3(g) of article 37.07 provides:

> On timely request of the defendant, notice of intent to introduce evidence under this article shall be given in the same manner required by Rule 404(b), Texas Rules of Criminal Evidence. If the attorney representing the state intends to introduce an extraneous crime or bad act that has not resulted in a final conviction in a court of record or a probated or suspended sentence, notice of that intent is reasonable only if the notice includes the date on which and the county in which the alleged crime or bad act occurred and the name of the alleged victim of the crime or bad act. The requirement under this subsection that the attorney representing the state give notice applies only if the defendant makes a timely request to the attorney representing the state for the notice.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g). The State argues that under *Jaubert v. State*, 74 S.W.3d 1 (Tex. Crim. App. 2002), the probated sentence was admissible without notice because it was introduced during cross-examination to rebut appellant's testimony. In *Jaubert,* the high court held "[t]he extraneous offense evidence in this case was introduced during cross-examination and rebuttal testimony, not in the State's case-in-chief. Therefore, appellant was not entitled to notice of the extraneous offenses." *Id.* at 4.

The record reflects that during direct examination in the punishment phase, appellant volunteered this statement: "I've never been on probation or anything." Thus appellant was not entitled to notice of the extraneous offense before it was introduced during cross-examination. *See Morales v. State,* 389 S.W.3d 915, 920 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (holding the State was not required to give notice of extraneous offenses referred to during cross-examination under article 37.07). We therefore conclude the trial court did not abuse its

discretion in overruling appellant's objection. *See Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).

Appellant's issue is overruled and the judgment of the trial court is affirmed.

/s/     Sharon McCally
        Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).