**Opinion filed August 11, 2016**



# In The

# Eleventh Court of Appeals

_____

## No. 11-15-00221-CR

_____

## THOMAS EUGENE THOMPSON, Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 238th District Court
### Midland County, Texas
### Trial Court Cause No. CR44770

## M E M O R A N D U M   O P I N I O N

Upon his plea of not guilty, the jury found Thomas Eugene Thompson guilty of the state jail felony offense of theft of property valued at $1,500 or more but less than $20,000.[1]  The jury assessed punishment at confinement for two years.[2]  The

---

[1]TEX. PENAL CODE ANN. § 31.03(a), (b)(1) (West Supp. 2015); former PENAL CODE § 31.03(e)(4)(A) (2011).  We note that Section 31.03(e) was amended in 2015 but that the former version applies in this case based upon the date of the offense.  Act of May 31, 2015, 84th Leg., R.S., ch. 1251, §§ 10, 30, 2015 Tex. Gen. Laws 4209, 4213, 4221.

[2]PENAL § 12.35(a) (West Supp. 2015).

trial court sentenced Appellant accordingly. Appellant asserts in one issue that the trial court abused its discretion when it denied his pretrial motion to continue the trial so that defense counsel could secure the attendance at trial of a witness who Appellant claimed was material. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant for the offense of theft of property valued at $1,500 or more but less than $20,000. American X-Ray & Inspection Services (AXIS) accused Appellant of theft of four of its generators, but Appellant claimed that the generators, which were worth $2,000 each, had "do not use" tags on them.[3] Appellant testified that he had been told they were part of the "trash pile," so he took them, worked on them, and then pawned them. He later testified that he offered to return them to AXIS.

A person commits the offense of theft of property if he unlawfully appropriates property with the intent to deprive the owner of the property without the owner's consent. PENAL § 31.03(a), (b)(1). At the time of this offense, the offense was a state jail felony if the value of the property was between $1,500 and $20,000. Former PENAL § 31.03(e)(4)(A).

## II. *Evidence at Pretrial Hearing*[4]

On August 17, 2015, Appellant filed, and the trial court heard, Appellant's motion for continuance. Appellant sought the continuance so that he could obtain the presence of a witness, Frank Armendariz, a former AXIS employee. Appellant claimed that Armendariz would testify that Appellant had permission to take the

---

[3]AXIS's president, Trey Spencer, and its operations manager, Shane Richardson, both testified that Appellant did not have permission to take the generators.

[4]Appellant does not challenge the sufficiency of the evidence. Therefore, we will set forth only the evidence relevant to resolve Appellant's sole issue.

generators. At the hearing, the trial court noted that Appellant was indicted in March 2015 and was appointed counsel a month later. The trial court inquired into defense counsel's knowledge of the witness's name and location and of the attempts made to locate him. Six days before trial, Appellant texted Armendariz's name to defense counsel. Four days before trial, Appellant sent his defense counsel Armendariz's address, an address that apparently was no longer valid. The next day, defense counsel submitted an application for subpoenas of trial witnesses, but he did not list Armendariz as a witness. The trial court also noted that Appellant's trial was initially set for July 20, 2015, but was rescheduled three times.[5]

### III. *Standard of Review*

We review a trial court's denial of a motion for continuance for an abuse of discretion. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). An appellate court should not intercede when a trial court's ruling is within the zone of reasonable disagreement. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g).

### IV. *Discussion and Analysis*

Counter to Appellant's argument that the trial court abused its discretion when it denied his motion for continuance, the State argues that Appellant failed to use diligence to secure Armendariz's presence at trial and failed to explain how his testimony was material. As we explain below, we agree with the State that Appellant failed to use diligence to secure the attendance at trial of Armendariz.

---

[5]The trial was set for July 20, 2015. Because of the trial court's docket, the case could not be reached and was reset for August 3, 2015, only to be reset for the same reason for August 10, 2015, and then again for the same reason for August 17, 2015.

3

Whether to grant a motion for continuance is within the sound discretion of the trial court. TEX. CODE CRIM. PROC. ANN. art. 29.06(6) (West 2006). For a defendant to be entitled to a continuance due to an absent witness, the defendant must show:

>(1) the name and residency of the witness, if known;

>(2) that the defendant exercised diligence in securing the witness;

>(3) that the witness would give testimony that tends to establish material facts;

>(4) that the defendant did not cause the witness's absence;

>(5) that the motion is not being made for delay; and

>(6) that the probability of securing the witness's attendance is within a reasonable and predictable timeframe.

*Id.* art. 29.06. The Court of Criminal Appeals has "interpreted [Article 29.06(2)] to mean not only diligence in procuring the presence of the witness, but also diligence as reflected in the timeliness with which the motion for continuance was presented." *Dewberry v. State*, 4 S.W.3d 735, 756 (Tex. Crim. App. 1999).

To establish that a trial court abused its discretion when it denied a motion for continuance, an appellant must show (1) that the trial court erred when it denied his motion and (2) that he was harmed by the denial of the continuance. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). In this case, defense counsel was appointed a month after Appellant was indicted. Four months later, and only six days before a fourth trial setting, Appellant finally told defense counsel about Armendariz. Appellant then failed to provide an address for Armendariz until four days before trial; that address turned out to be invalid. After that, defense counsel did not list Armendariz as a witness on the subpoena list and did not file a motion for continuance until the day of trial. Neither in the motion for continuance nor at

the hearing on the motion did defense counsel explain what diligence he had used to locate Armendariz or how probable it was to secure Armendariz's attendance at trial within a reasonable timeframe. As a result, the trial court denied the motion. If an appellant fails to demonstrate the required diligence in seeking a motion for continuance, a trial court does not abuse its discretion when it denies the motion. *Id.*

After the trial, Appellant did not move for a new trial or present additional evidence to show that his motion for continuance was supported by sufficient cause. Appellant never presented evidence of his diligence to secure Armendariz's attendance at trial and never showed how soon Armendariz could be located to give testimony at trial. Given that Appellant's motion for continuance was filed on the day of trial because of his own delay in providing defense counsel with Armendariz's name, we cannot say that the trial court abused its discretion when it denied Appellant's motion. We overrule Appellant's sole issue.

V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON
JUSTICE


August 11, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.