

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00361-CR

---

NICHOLES CAMACHO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2019-418,183, Honorable Jim Bob Darnell, Presiding

---

June 30, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Nicholes Camacho, appellant, appeals his conviction for sexual assault. He contends the trial court erred in admitting evidence of extraneous offenses. We affirm.

According to the record, the victim of the sexual assault was appellant's girlfriend. Furthermore, appellant generally described the allegedly inadmissible extraneous offenses involved. They consisted of 1) appellant "assault[ing] her outside her work the night before the instant offense"; 2) appellant breaking "into the alleged victim's home on May 3 (after the instant offense) chok[ing] and hit[ting] her and tr[ying] to sexually assault

her again"; 3) "[t]he alleged victim's tires [being] slashed at some point after the May 3rd event"; 4) "[t]he alleged victim's mother's tires were also slashed"; 5) appellant "threaten[ing] to alert the government that the alleged victim was an illegal immigrant"; 6) the victim "obtaining a protective order against Appellant"; 7) appellant being "arrested 'lots of times' for this conduct"; and 8) appellant "violat[ing] the protective order." Below, and here, appellant argued that Texas Rule of Evidence 404(b) barred the admission of each.

The standard of review is abused discretion. *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000); *Madrid v. State*, No. 07-08-0424-CR, 2009 Tex. App. LEXIS 7532, at *5 (Tex. App.—Amarillo Sept. 28, 2009, no pet.) (mem. op., not designated for publication). Under it, we cannot reverse a trial judge's ruling that falls within the "'zone of reasonable disagreement.'" *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996). Nor may we reverse one if the decision is correct on any theory of law applicable to the case. *Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016). This is true irrespective of whether the theory was raised at trial. *See State v. Esparza*, 413 S.W.3d 81, 86 (Tex. Crim. App. 2013).

Next, Texas Code of Criminal Procedure art. 38.371(a) states that "[t]his article applies to a proceeding in the prosecution of a defendant for an offense, or for an attempt or conspiracy to commit an offense, for which the alleged victim is a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code." TEX. CODE CRIM. PROC. ANN. art. 38.371(a) (West Supp. 2020). Subsection (b) of the same article provides: "[i]n the prosecution of an offense described by Subsection (a), subject to the Texas Rules of Evidence or other applicable

2

law, each party may offer testimony or other evidence of all relevant facts and circumstances that would assist the trier of fact in determining whether the actor committed the offense described by Subsection (a), ***including testimony or evidence regarding the nature of the relationship between the actor and the alleged victim***." *Id.* § 38.371(b) (emphasis added). In turn, § 71.0021 of the Family Code concerns dating violence and describes it as including "an act . . . by an actor that . . . is committed against a victim . . . with whom the actor has or has had a dating relationship . . . and . . . is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the victim or applicant in fear of imminent physical harm, bodily injury, assault, or sexual assault." TEX. FAM. CODE ANN. § 71.0021(a)(1), (2) (West 2019). Finally, a "dating relationship" is a "relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature." *Id.* § 71.0021(b).

At trial, the State uttered various grounds permitting the admission of the aforementioned evidence. One such ground involved the desire to "show the jury the nature of this relationship" between appellant and his victim. As previously indicated, appellant contended that Texas Rule of Evidence 404(b) barred admission of the evidence since the "nature of the relationship" was not one of the grounds expressed in 404(b) authorizing the admission of extraneous offense evidence. Nothing was said about art. 38.371 and why the evidence at issue fell outside its scope.

Indeed, no one disputes that the assault victim was appellant's continuous girlfriend. Thus, their relationship can be described as a "dating relationship" involving "dating violence" within § 71.0021(a) and (b). That means the evidence in dispute would be admissible under art. 38.371 to depict the nature of their relationship. *James v. State*,

__ S.W.3d __, __, 2021 Tex. App. LEXIS 3052, at *19 (Tex. App.—Fort Worth Apr. 22, 2021, no pet.); *Franco v. State*, No. 08-18-00040-CR, 2020 Tex. App. LEXIS 4451, at *21–22 (Tex. App.—El Paso June 15, 2020, no pet.) (not designated for publication) (noting that the "Legislature has determined under article 38.371 that the nature of the relationship itself is a permissible, non-character-conformity purpose for which evidence is admissible"). And, appellant has not shown otherwise.

Accordingly, we overrule appellant's issue and affirm the judgment of the trial court.


Per Curiam


Do not publish.